IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:

Brandon M. Chasen, Sr.

Debtor(s)

Bankr. Case No.: 25-15437-NVA

(Chapter 7)

**RESPONSE TO DEBTOR'S MOTION TO EXTEND TIME TO FILE SCHEDULES,
STATEMENT OF FINANCIAL AFFAIRS, AND RELATED DOCUMENTS**

Zvi Guttman, Chapter 7 Trustee, by counsel, files this Response to the Debtor's Motion to Extend Time to File Schedules, Statement of Financial Affairs, and Related Documents (the "Motion to Extend"), and states:

<u>Background</u>

1.      This case has been pending for two months, Debtor's counsel entered his appearance six weeks ago, and a Motion to proceed as a voluntary Chapter 7 case was filed more than 4 weeks ago.

2.      The Order granting the Debtor's request to proceed in a voluntary Chapter 7 also set August 13, 2025, as the date by which the Debtor was to file his Statement of Financial Affairs, Schedules A through J, and mailing matrix.  The Clerk issued a complimentary Notice of Deadline for Filing Missing Document[s] setting a deadline of August 13, 2025, as the date by which the Debtor was required to file a Summary of Assets and Liabilities, Ch 7 Income Form 122A-1, and Matrix Verification (all required documents hereinafter collectively referred to the "Required Filings").

3.      The first meeting of creditors was then specially set for August 28, 2025, at 2:00 pm to allow the Trustee, creditors, and parties in interest sufficient time to review the Debtor's Required Filings and to provide an initial notice of the case to the creditors anticipated to be added to the matrix.

4.      Neither an extension to file documents nor a continuance of the meeting date was sought when these dates were established.

## **Issues Presented**

5.      In summary, the Debtor and counsel have long been aware of the meeting date, the need to get timely notice of the case to creditors and parties in interest, the need for the Trustee, creditors, and parties in interest to prepare for the meeting of creditors, and most importantly, the obligation to file timely the Required Filings in this admittedly, "large, complex Chapter 7 case involving numerous affiliated entities, voluminous financial accounts, and substantial creditor constituencies."

6.      Astonishingly, just 15 days before the first meeting, the Debtor seeks an extension that would permit him to make the Required Filings a mere 14 hours before the §341 meeting.  This is untenable.

7.      Moreover, given the significant time that has passed since the filing and the engagement of counsel, the Trustee does not concur that the Debtor has demonstrated cause for the requested extension.

8.      Nevertheless, the Trustee faces a practical problem. With no matrix on file creditor have neither notice of the first meeting of creditors nor of the case generally.

9.      In addition, the Trustee, creditors and parties in interest cannot be expected to prepare for a meeting of creditors on 14 hours-notice in "large, complex Chapter 7 case involving numerous affiliated entities, voluminous financial accounts, and substantial creditor constituencies."

## **Relief Sought**

10.      First and foremost, the Trustee submits that this case must be administered with a sense of urgency, ensuring steady progress and avoiding unnecessary disruption or delay. Hence, if the Court were to grant any extension of the deadline in which to make the Required Filings the extension should be minimal, perhaps 4 or 5 days.

11.      Second, due to the passage of time without the information that should have already been provided, and consistent with the spirit of Local Rules 1009-1 and 9013-7(d), the Debtor should be ordered to:

    a.  contemporaneously with making the Required Filings, send to each creditor and the United States Trustee a copy of the original Notice for Meeting of Creditors and file a certificate of service so stating,

b.  contemporaneously with or prior to making the Required Filings, deliver the documents required by 11 U.S.C. § 521 and Fed. Bankr. Rule 4002 to the Trustee, and

c.  file a consent extending the deadlines to file (i) an objection to discharge under 11 U.S.C. § 727, (ii) to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6), (iii) a motion to dismiss under 11 U.S.C. § 707(b)(3), until December 31, 2025, and extending the deadline for the United States Trustee to file a Statement of Presumed Abuse under 11 U.S.C. § 704(b)(1)(A) until ten (10) days after conclusion of the meeting of creditors.

12.    If the Court is inclined to grant a longer extension of time in which to make the Required Filings, the Debtor should be Ordered to select one of the following dates for the first meeting of creditors: September 11, 15, 17, or 18, 2025, to begin between 10:00 am and 1:00 pm, immediately communicate that date and time to the Trustee, and in addition to the tasks ordered to be performed above, immediately send notice to each creditor and the United States Trustee of the new date, time, and location of the meeting of creditors.

WHEREFORE, the Trustee respectfully requests that the Court grant such relief as is just and proper.

/s/ Zvi Guttman
Zvi Guttman (06902)
The Law Offices of Zvi Guttman, P.A.
Post Office Box 32308
Baltimore, Maryland 21282
Zvi@zviguttman.com
(410) 580-0500 (Phone)
(410) 580-0700 (Fax)

**Counsel to the Trustee**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 14, 2025, copies of the foregoing Response, were served by first class mail, postage prepaid, to:

Office of the U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, MD  21201

Brandon Michael Chasen, Sr.
13916 Green Branch Dr
Phoenix, MD 21131-1316

And by CM/ECF on:

Joshua D. Bradley     jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com
Aaron L. Casagrande     aaron.casagrande@icemiller.com
Darrell William Clark     darrell.clark@stinson.com, catherine.scott@stinson.com
Alan D. Eisler     aeisler@e-hlegal.com, mcghamilton@gmail.com
Scott W. Foley     swf@shapirosher.com,
ajs@shapirosher.com;ens@shapirosher.com;blr@shapirosher.com;LAR@shapirosher.com
Adam M. Freiman     adam@pikesvillelaw.com, r54650@notify.bestcase.com
Jason J. Giguere     jgiguere@zwickerpc.com, bknotices@zwickerpc.com
Jeffrey Greenberg     jgreenberg@rosenbergmartin.com, lfeigh@rosenbergmartin.com>
Zvi Guttman     zvi@zviguttman.com,
zviguttman@gmail.com,zviguttman@outlook.com,MD55@ecfcbis.com
Zvi Guttman     zguttman@gmail.com, zviguttman@outlook.com,MD55@ecfcbis.com
Tracey Michelle Ohm     tracey.ohm@stinson.com, porsche.barnes@stinson.com
Robert G. Shuster     rob@shusterlaw.com, courts@shusterlaw.com
Andre' R Weitzman     aequityhouse@aol.com
Heather Kirkwood Yeung     hyeung@darslaw.com

/s/ Zvi Guttman