IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| BRANDON MICHAEL CHASEN, SR. ) | |
| ) | Case No. 25-15437 |
| Debtor. ) | |
| ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO USE PROPERTY OF THE ESTATE, ENTER INTO LIMITED SETTLEMENT WITH STANCORP AND PR GIV LLC, AND FACILITATE MORTGAGE ASSUMPTION TRANSACTIONS WITH STANCORP**

Zvi Guttman, Chapter 7 Trustee (the "**Trustee**") for Brandon Michael Chasen, Sr. (the "**Debtor**"), by undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 363(b), 365, and 541, and Bankruptcy Rules 6004 and 9019, hereby files his Trustee's Motion for Authority to Use Property of the Estate, Enter into Limited Settlement with StanCorp (as hereinafter defined) and PR GIV, LLC ("**PR GIV**"), and Facilitate Mortgage Assumption Transactions with StanCorp Mortgage Investors, LLC (respectively, the "**Motion"** and "**StanCorp**"), as authorized agent of the lender[1] of record for the twenty-three (23) commercial loans to twenty-four (24) limited liability companies that own multi-family properties in Baltimore City, Maryland that are the subject of this Motion. In support hereof, the Trustee states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Chapter 7 case in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Standard Insurance Company is the lead lender on each of the loans.

2. The statutory predicates for the relief requested in this motion are Sections 105(a), and 363(b) of the Bankruptcy Code 11 U.S.C. § 101 *et seq.*, and Federal Rules of Bankruptcy Procedure 6004 and 9019.

## Background – PR GIV LLC

3. On or about November 15, 2023, PR GIV loaned to ten (10) Debtor-controlled LLC's[2] $13,000,000 (the "**PRGIV Loan**"). In connection with the PRGIV Loan, the Debtor and Paul Davis each executed: (a) a guaranty to secure repayment of the PRGIV Loan, and (b) a Collateral Assignment of Member Interests granting PR GIV a security interest in their membership interests and management rights in approximately forty-five (45) LLCs, including all of the Subject LLCs. The Debtor and Paul Davis each also granted PR GIV a security interest in membership interests in nine (9) of the ten (10) PRGIV Borrower LLC's (the "**Assigned Interests**").

4. Citing a prior default under the terms of the PRGIV Loan, on March 14, 2025, PR GIV executed an Omnibus Notice of Replacement of Manager Under the Limited Liability Company Agreements, which asserts that PR GIV had removed the existing manager(s) of certain LLCs, including five of the Subject LLCs, and replaced them with PR GIV[3]. Consequently, PR GIV asserts that PR GIV (rather than the Trustee) controls the management interests and powers

---

[2] CC 7 and 9 E Eager Street LLC, CC 8 & 21 E Eager Street LLC, CC 4 and 10 E Biddle Street LLC, CC 10 and 12 W Biddle Street LLC, CC 1114 Saint Paul Street LLC, CC 817 Saint Paul Street LLC, CC 906 and 935 Saint Paul Street LLC, CC 921 and 923 Saint Paul Street LLC, CC 330 N Charles Street LLC, and Chasen Acquisitions LLC (the "**PRGIV Borrower LLC's**").

[3] CC 523 South Broadway LLC, CC 300 Cathedral Street, LLC, CC the Lyn, LLC, CC 211 St Paul Place, LLC, CC 816 Park Ave LLC (also known as CC 816 Park Pl LLC), CC 1005 North Charles Street LLC, CC the Regency, LLC, CC Park Place, LLC, (also known as CC Park Ave LLC), CC Washington House, LLC, CC Chateaus De Mount Vernon, LLC, (also known as CC Chateaus LLC), CC 930 N Calvert Street LLC, CC 938 N Calvert Street LLC, CC 1021 Saint Paul Street LLC, and CC 1720 Saint Paul Street LLC.

of the Debtor in the Assigned Interests.

## Background - StanCorp

5.      On June 2025 (the "**Petition Date**"), an involuntary petition under Chapter 7 of Bankruptcy Code was filed against the Debtor. On July 11, 2025, the Debtor filed a Motion to Convert Case to a Voluntary Chapter 7 Pursuant to 11 U.S.C. § 706(a) [ECF No. 23]. On July 30, 2025, the Court entered an Order Granting Motion to Convert Case to a Voluntary Chapter 7 (the "**Order for Relief**") [ECF No. 29], and thereafter the Trustee was duly appointed as the representative of the Debtor's bankruptcy estate (the "**Estate**")

6.      Since the entry of the Order for Relief, the Trustee has been investigating the Debtor's assets and financial affairs to determine what assets and claims[4] are available for administration, including the dispositions of the Debtor's interests in various limited liability companies that own real property.

7.      Before the Petition Date, the Debtor was the principal of a real estate acquisition, development, and investment business, conducted through numerous business entities, which owned multi-family properties in Baltimore City, as well as Virginia and Florida. As made plain by the Debtor's Schedules [ECF No. 48, August 22, 2025], the Debtor's bankruptcy case is complex, involving more than $70,000,000 in scheduled claims and the Debtor's interest in more than forty (40) different scheduled limited liability companies. *See* Schedule A/B at ¶ 19. Upon information and belief, the Debtor is the majority member and sole manager for most of these LLCs, including some of the LLCs that are the subject of this Motion. Under the respective operating agreements governing these twenty-four (24) LLCs (sometimes hereinafter the "**Subject LLCs**") for the twenty-three (23) commercial loans (sometimes hereinafter the "**Subject Loans**")

---

[4] The Trustee is not aware of any claims against StanCorp.

that are the subject of this Motion, as outlined in the chart attached hereto as **Exhibit A**[5], the manager has "the exclusive right to manage the business of the Company and shall have the exclusive authority to make all decisions on behalf of the Company".[6]

8. Before the Petition Date, StanCorp extended acquisition, development, and/or bridge loans on real properties affiliated with the Debtor's business operations, held through his interests in certain single asset limited liability companies disclosed in the Schedules. More specifically, StanCorp entered into thirty-one (31) commercial loans made respectively to single asset limited liability companies that owned real property securing the loans. Generally, these loans were memorialized by, *inter alia*, a promissory note and a first-priority deed of trust and assignment of rents encumbering the subject property, as well as a guaranty by the Debtor[7]. The LLC borrowers under these loans (which are not debtors in bankruptcy) all defaulted well before the Petition Date, and StanCorp began to exercise its rights and remedies under its loan documents and applicable law with respect to the subject properties. StanCorp has represented to the Trustee that, to its actual knowledge, it has not been paid by the Debtor or any affiliate of the Debtor on account of the Subject Loans since at least August 2024.

9. Amongst other actions, StanCorp identified a potential third-party, Amin Rezvani ("**Mr. Rezvani**"), who is unaffiliated with the Debtor and the Debtor's business and who is

---

[5] One of the commercial loans was made to two (2) limited liability company borrowers. Thus, there are twenty-three (23) commercial loans to twenty-four (24) LLCs.

[6] Paul Davis has a minority membership interest in many of the Subject LLCs, for example, ranging from 24% to 35%. Certain other individuals and entities may hold small interests in certain of the Subject LLCs.

[7] Paul Davis also signed a guaranty on some of these commercial loans.

4

interested in acquiring twenty-three (23) of the properties[8]. In connection therewith, before the Petition Date, The Chelsea AHR, LLC, a Missouri limited liability company, and 22 other special purpose entities, each managed by Mr. Rezvani and owned by Homa Holdings, LP (sometimes hereinafter collectively referred to as the "**Purchaser**"), agreed to purchase the properties by assuming the secured debt at a discount to the face amount.[9] StanCorp was unable to complete these transactions (which would have required the Debtor's execution and authorization as manager of the respective LLCs) before the Debtor's bankruptcy. Moreover, as addressed below, the filing of the Debtor's bankruptcy case means that the Debtor's interests in and management powers over the borrower LLCs (that are title owners of the real properties) are now property of the Estate,[10] subject to the Trustee's administration.

10. As more fully set forth herein, the Trustee, StanCorp, and PR GIV have negotiated in good faith and arm's-length and have reached an agreement for the Trustee, utilizing the Estate's and/or PR GIV's rights in the membership interests, to complete the assumption transactions that were in progress before the Petition Date and put on hold and in jeopardy because of the bankruptcy filing. In exchange for executing the necessary documents on behalf of the

---

[8] Mr. Rezvani is a borrower under other commercial loans with StanCorp secured by other multi-family properties.

[9] As part of these transactions, HOMA Holdings, LP, and its general partner, Mantikore Management Company, LLC, also agreed to assume the Subject Loans. Mr. Rezvani is the manager of Mantikore Management Company, LLC. HOMA Holdings, LP and Mantikore Management Company, LLC are also unaffiliated with the Debtor. Mr. Rezvani acquired three (3) properties in similar transactions before the Petition Date. StanCorp has provided information regarding these arm's-length transactions to the Trustee on similarly situated loans secured by properties with no equity.

[10] For the avoidance of doubt, the real properties owned by the Subject LLCs are not property of the Estate. Certain of the Subject LLCs may own more than one real property. *See* **Exhibit A**. For purposes of the proposed transactions, the Subject LLCs are each unit levels for considering the assumptions.

5

Subject LLCs (e.g. purchase and sale agreements, loan assumptions, consents to modification of deeds of trust, assignments of leases and other contracts, deeds of conveyance, bills of sale, assignment of leases and any tenant security deposits from the Subject LLCs to Purchaser and ancillary transfer and loan documents), StanCorp will pay to the Trustee a carve-out of $25,000.00 for each of the twenty-three (23) Subject Loans assumption that close (the "**Assumption Transaction(s)**"), for a maximum consideration of $575,000.00. None of the real properties owned by the Subject LLCs (which are not property of the Estate[11]) have any equity, and the alternative path (StanCorp liquidating the properties by way of foreclosure or other means) would result in zero proceeds for the Estate.[12] Rather than monetizing the property held by the Subject LLCs, the Trustee is monetizing the Estate's *control* of the Subject LLCs, a direct asset of the Estate.

11. These Assumption Transactions, if effectuated, will result in a substantial recovery for the benefit of the Estate and allow the Trustee to monetize an asset of the Estate which would otherwise have no value. Given the passage of a substantial amount of time, the Purchaser is understandably eager to move forward with the Assumption Transactions as soon as possible. Thus, time is of the essence.

12. To the extent that StanCorp and/or the Purchaser decide (in their reasonable or

---

[11] Although the Debtor's membership interests in the Subject LLCs are property of the Estate, it is blackletter law that the assets of the Subject LLCs do not form part of the Estate. *Kreisler v. Goldberg*, 478 F.3d 209, 214 (4th Cir. 2007) ("The fact that a parent corporation has an ownership interest in a subsidiary, however, does not give the parent any direct interest in the *assets* of the subsidiary.") (emphasis in original).

[12] As more fully set forth on **Exhibit A**, the indebtedness due and owing to StanCorp on the twenty-three (23) Subject Loans that are the subject of the Assumption Transactions is over $206,268,702.58, the appraised value of the properties securing those loans is approximately $138,540,000 (not including costs of sale), and the discounted amount of indebtedness being assumed is approximately $153,175,847.

6

unreasonable discretion) not to move forward with one or more of the twenty-three (23) Assumption Transactions and/or is unable to close one or more of the twenty-three (23) Assumption Transactions, StanCorp will make a payment to the Trustee of $25,000 per Assumption Transaction that does close. Out of each $25,000 payment the Trustee receives for each loan for which PR GIV received the Assigned Interests (as more particularly identified in **Exhibit A**), the Trustee will pay to PR GIV (without further notice or court order) $9,125 (representing 36.5% of $25,000.00 carve-out for each of the Assumption Transactions that closes). Additionally, to the extent that StanCorp and/or the Purchaser decide (in their reasonable or unreasonable discretion) not to move forward with any of the Assumption Transactions and/or are unable to close any of the Assumption Transactions, StanCorp will make a payment of $1,000 for each of the Subject Loans that does not close to reimburse the Trustee for the attorney's fees and expenses of Trustee's counsel arising out of and in connection with this Motion.

### Basis for Relief and Relief Requested

13. By this Motion, the Trustee seeks the entry of the proposed Order in form submitted herewith authorizing the Trustee to consummate the Assumption Transactions and for the Trustee to take any and all actions and execute all documents necessary, as the duly recognized and authorized representative of the Subject LLCs, to effectuate on behalf of the Subject LLCs the transfer of the properties securing the Subject Loans to the Purchaser.

    **A.**    **The Assumption Transactions are Authorized by Section 363(b)**

14. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts have required that the decision to use assets outside the ordinary course of business be based upon the sound business judgment of the trustee.

*In re Naron & Wagner, Chartered*, 88 B.R. 85, 87 (Bankr. D.Md. 1988); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir.1983) (determining that there must be some "articulated business justification" for using, selling or leasing property out of the ordinary course of business before the bankruptcy judge may order such disposition under section 363(b)); 3 COLLIER ON BANKRUPTCY ¶ 363.02 (Richard Levin & Henry J. Sommer eds., 16th ed.) (Section 363(b) has been applied to other uses such as entering into transactions out of the ordinary course of business).

15. Courts have determined that when an individual debtor files bankruptcy, the bankruptcy estate succeeds to all of the debtor's rights in a limited liability company, including both economic and non-economic interests. *In re Jundanian*, 2012 WL 1098544 at *4-6 (Bankr. D.Md. March 30, 2012) ("Section 541(c)(1) overrides both the ipso facto provision in the [Maryland Limited Liability Company] Act and the restriction on transfer provision in the Operating Agreement.") (compiling sources). Thus, all rights and powers that the Debtor held with respect to the Subject LLCs, including his voting rights as majority member and management rights as manager with exclusive authority, are property of the Estate as of the Petition Date. Because the Debtor was the majority member and manager of the LLCs with sole authority to make decisions and act, the Trustee now stands in the Debtor's shoes post-petition. As property of the Estate, the Trustee, with the Court's authorization, may use such interests outside of the ordinary course of business.

16. In addition, PR GIV asserts a contractual assignment of membership interests and management rights of the Subject LLCs (five of which were purportedly exercised prepetition) and has agreed to assign its right, title and interest therein to the Trustee to facilitate the completion of this transaction. In return, from the $25,000 per Assumption Transaction (that does

8

close) paid by StanCorp to the Trustee, the Trustee will disburse 36.5% of the payment to PR GIV. PR GIV will reduce its claim against the Estate by the amount actually received.

17. The Trustee submits that the decision to proceed with the Assumption Transactions is based upon sound business judgment and should be approved. A trustee's showing of a sound business purpose need not be unduly exhaustive; rather a trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984); *see also U.S. ex rel. Rahman v. Oncology Assocs., P.C.,* 269 B.R. 139, 161 (D. Md. 2001) (concluding that the "standard to be applied by a court in determining whether or not to approve the disposition of property is whether the trustee exercised sound business judgment" and that the court must determine "whether a 'sound business reason' exists for such action").

18. Here, the Trustee's goal is to monetize the Debtor's assets, consistent with his statutory duty to monetize assets of the Estate. The Trustee has investigated the circumstances surrounding the Subject LLCs, the real properties they own, and the Subject Loans. Considering the apparent lack of equity in each of the properties individually and collectively,[13] the amount to be paid by StanCorp to the Trustee for each Assumption Transaction represents fair consideration for the Trustee's use of Estate property. The Assumption Transactions represent the best and most efficient (and more than likely only) way to monetize the Debtor's membership interests in and management power over the Subject LLCs that are subject to this Motion.

19. The Trustee requests that the Order granting this Motion be made effective immediately by providing that the stay under Bankruptcy Rule 6004(h) is waived and inapplicable. The 14-day stay period should be eliminated to allow a transaction to close

---

[13] StanCorp's loans to the Subject LLCs are cross-collateralized.

immediately, "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY 6004.11, 6006.4 (16th ed. 2013). As discussed above, time is of the essence, and the waiver of the stay will allow the Trustee to commence the assumption process, making it more likely that Assumption Transactions will close.

        **B.**      **The Assumption Transaction are Authorized by Rule 9019**

20. This Court may authorize the parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). As a general rule, the law favors settlement agreements between the parties. *In re Frye*, 216 B.R. 166, 172 (Bankr. E.D.Va. 1997); *In re Sasalos*, 160 B.R. 646, 653 (D. Or. 1993) (finding that compromises are generally favored in bankruptcy). In *U.S. ex rel. Rahman v. Oncology Associates, P.C. (In re Equimed, Inc.)*, 269 B.R. 139, 149 (D. Md. 2001), the United States District Court for the District of Maryland set forth the factors for a court to consider in approving a settlement. These factors include:

    (a)    the probability of success in litigation;
    (b)    the difficulties, if any, to be encountered in the matter of collection;
    (c)    the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and
    (d)    the paramount interest of the creditors and a proper deference to their reasonable views.

The district court further explained that a court may approve a settlement even over objection unless the proposed settlement falls below the "lowest point in the range of reasonableness." *Id.* at 150; *see also In re Bowman,* 181 B.R. 836, 846 (Bankr. D. Md. 1995).

21. Ultimately, when considering the above factors and principles, "the essential inquiry which this Court must make . . . is to determine whether the compromise reached by the parties is 'fair and equitable' and in the best interests of the estate." *Rahman*, 269 B.R. at 150; *see*

10

*also Nussbaum v. United States (In re Smith)*, 210 B.R. 689, 692 (Bankr. D. Md. 1997). Thus, "[o]bjection [to a proposed settlement] is not fatal to such a settlement if '[it] is found to be in the best interests of the estate as a whole.'" *St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (quoting *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1138 (8th Cir. 1984)). Finally, in determining whether the proposed compromise is in the best interest of the estate, "[i]t is well established that a bankruptcy court's approval of a settlement . . . is within its sound discretion." *Id.*

22. Several matters are being resolved by way of these transactions. One, the Trustee is monetizing an asset that would be extinguished by a StanCorp foreclosure of the properties owned by the Subject LLCs. Two, a dispute exists regarding control of the Subject LLCs and the Estate's entitlement to the proceeds of the exercise of that control. That issue is resolved by the assignment of those rights by PR GIV to the Estate and the payment by the Trustee to PR GIV of 36.5% of the Estate's carve-out for each Assumption Transaction that closes. This is of significant benefit to the Estate. Should StanCorp foreclose on the underlying properties securing the Subject Loans, any such value would be lost. Likewise, should PR GIV be able to block the Assumption Transactions with its purported control of the Subject LLCs, the Trustee would likely receive nothing. Proceeding with the Assumption Transactions, based on the agreement set forth herein, is intended to consensually resolve these conflicting aims. The Trustee contends that the agreement set forth herein is in the best interests of the Estate and its creditors and should be approved. The Assumption Transactions, if consummated, will result in an influx of cash into the Estate for the benefit of creditors. In the absence of the Court's approval of this agreement, the Trustee would be unable to realize value from the Debtor's membership interests in or management powers over the Subject LLCs because the Subject Loans secured by the real

properties owned by the Subject LLCs (which are not property of the Estate) are undersecured. As such, the Trustee would be unable to monetize these assets for the benefit of unsecured creditors. The alternative to the Assumption Transactions is for StanCorp to foreclose on the real properties that secure the Subject Loans, leaving nothing for the Estate. In consideration of the agreement set forth herein, StanCorp will forbear in good faith from foreclosing on the underlying properties securing the Subject Loans to allow for adequate time for the parties to attempt to effectuate as many of the Assumption Transactions as it deems feasible.[14]

23. Furthermore, by proceeding with the proposed Assumption Transactions, StanCorp agrees that it will voluntarily reduce StanCorp's allowed claim in the Debtor's bankruptcy case. In addition to receiving an influx in cash for assumptions that close, the Trustee has also ensured that StanCorp's claim in the Estate is also reduced appropriately by having StanCorp agree to a cap of the allowed unsecured claim for each of the loans that are assumed based upon difference between the amount due on each of the loans as of August 31, 2025 and the assumed amount of each of the loans as set forth on Exhibit A. For example, if all of the Assumed Transactions close, the aggregate amount of the allowed unsecured claims on account of those loans would be approximately $53,092,855.58 (e.g., the amount due on account of the twenty-three (23) loans is over $206,268,702.58, not including certain fees and expenses, *less* the assumption amount of $153,175,847.00.

24. Finally, as a material element of the settlement, in exchange for StanCorp's claim reduction in the Estate, voluntary forbearance, and the substantial consideration supplied by StanCorp, the Trustee on behalf of the Estate, has agreed to waive and release any claims against StanCorp (including, the StanCorp lenders of record) related to any and each of the Subject Loans

---

[14] To the extent there are junior liens on properties securing the Subject Loans, StanCorp is prepared to foreclose on such properties to extinguish such liens.

that are assumed, the underlying properties securing the Subject Loans, and the Subject LLCs that own such properties. As further consideration for the release in favor of StanCorp, StanCorp will execute an assignment granting, conveying, and assigning to the Trustee for the benefit of the Estate any and all right, title and interest, StanCorp has to claim or recover StanCorp rents that were improperly diverted to third parties and away from the underlying properties that secured the Subject Loans after StanCorp terminated the Subject LLCs' rights to collect such rents (and as to which StanCorp maintained a lien and/or property rights under its loan documents). The Trustee in Trustee's name or otherwise, but for the sole use and benefit of the Estate, may demand, sue for, compromise, collect, and give satisfaction for any such claims. The Trustee for and on behalf of himself and the Estate of the Debtor agrees to pay to StanCorp 30% of the net recovery from such recoveries. In total, the consideration supplied by StanCorp to resolve the various issues between StanCorp and the Trustee bestows significant benefit upon the Estate.

25. To the extent that none of the Assumption Transactions close for any reason, StanCorp has agreed to reimburse the fees and expenses of the Trustee's counsel in an aggregate amount not to exceed $23,000.00 (i.e., $1,000 for each of the Subject Loans that does not close).

## Notice

26. This Motion, the accompanying exhibit, the proposed form of Order, and the Notice of Motion and Hearing have been served on the following: (i) the Debtor; (ii) StanCorp; (iii) PR GIV; (iv) the U.S. Trustee; (v) all parties that have entered an appearance in this case (by ECF); (vi) all persons known to hold a membership interest in the Subject LLCs; and (vii) and all parties known to hold a lien, claim, or encumbrance in or against the underlying properties owned by the Subject LLCs. The Notice of Motion and Hearing has been served on all parties listed on the master mailing matrix maintained in this case. The Trustee submits that no further notice of the

Motion or the Hearing hereon, except as provided for herein, need be given.

WHEREFORE, for the foregoing reasons, Zvi Guttman, Chapter 7 Trustee for Brandon Michael Chasen, Sr., requests the following relief:

A. That this Motion be granted;

B. That the Court enter an Order substantially in the form submitted herewith that authorizes the Trustee to participate in, facilitate, and accommodate the Assumption Transactions;

C. That the relief request herein be effective immediately upon entry of the Order granting this Motion; and

D. That the Trustee should be granted such other and further relief as is just and equitable.

Dated: October 14, 2025                /s/ *Michael Lichtenstein*
                                       Michael Lichtenstein, Esq. (Fed. Bar No. 05604)
                                       Shulman Rogers, P.A.
                                       12505 Park Potomac Avenue, 6th floor
                                       Potomac, MD 20854
                                       Tel: (301) 230-5231
                                       Email: mjl@shulmanrogers.com

                                       *Counsel for Zvi Guttman, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of October, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *Motion, Notice and Proposed Order* will be served electronically by the Court's CM/ECF system on the following:

**Hugh M. (UST) Bernstein** hugh.m.bernstein@usdoj.gov
**Joshua D. Bradley** jbradley@rosenbergmartin.com, lfeigh@rosenbergmartin.com
**Aaron L. Casagrande** aaron.casagrande@icemiller.com
**Darrell William Clark** darrell.clark@stinson.com, catherine.scott@stinson.com
**Scott W. Foley** swf@shapirosher.com, ajs@shapirosher.com; ens@shapirosher.com; blr@shapirosher.com; LAR@shapirosher.com
**Jason J. Giguere** jgiguere@zwickerpc.com, bknotices@zwickerpc.com
**Jeffrey Greenberg** jgreenberg@rosenbergmartin.com, lfeigh@rosenbergmartin.com>
**Zvi Guttman** zvi@zviguttman.com, zviguttman@gmail.com, zviguttman@outlook.com,MD55@ecfcbis.com
**Zvi Guttman** zguttman@gmail.com, zviguttman@outlook.com,MD55@ecfcbis.com
**Andrew Janquitto** aj@mhblaw.com
**Michael J. Lichtenstein** mjl@shulmanrogers.com, tlockwood@shulmanrogers.com; nlawal@shulmanrogers.com
**Tracey Michelle Ohm** tracey.ohm@stinson.com, porsche.barnes@stinson.com
**Roger Schlossberg** trustee@schlosslaw.com, MD20@ecfcbis.com
**Douglas H Seitz** dseitz@wcslaw.com
**Robert G. Shuster** rob@shusterlaw.com, courts@shusterlaw.com
**Andre' R Weitzman** aequityhouse@aol.com
**Heather Kirkwood Yeung** hyeung@darslaw.com

**Alan D. Eisler** aeisler@e-hlegal.com, mcghamilton@gmail.com
**(counsel PR GIV, LLC)**

**Adam M. Freiman** adam@pikesvillelaw.com, r54650@notify.bestcase.com
**(counsel to Debtor)**

I HEREBY FURTHER CERTIFY that on the 14th day of October, 2025, copies of the foregoing *Motion, Notice and Proposed Order* will be served via first class mail, postage pre-paid, on the following:

### **Purchaser and Counsel**:

| | |
|---|---|
| THE CHELSEA AHR, LLC<br>c/o Capitol Corporate Services, Inc.,<br>Registered Agent<br>3206 Tower Oaks Blvd, 4th Floor<br>Rockville, MD 20852 | John R. Weisenfels, Esquire<br>Rouse Frets White Goss Gentile Rhodes, P.C.<br>4510 Belleview Avenue, Suite 300<br>Kansas City, Missouri 64111 |

### **Potential Holders of Liens, Claims or Encumbrances on Underlying Properties**:

| | |
|---|---|
| Steven C. Tourkin<br>Heather B. Tourkin<br>Equity House II<br>410 Northway<br>Baltimore, MD 21218-1115 | Steven C. Tourkin<br>Heather B. Tourkin<br>2401 Holiday Ranch Loop Rd<br>Park City, UT 84060-6835 |
| Steven C. Tourkin<br>c/o Andre R Weitzman, Esquire<br>Equity House II<br>410 Northway<br>Baltimore, MD 21218 | Ridge Realty Properties, LLC<br>The First State Registered Agent Company<br>1925 Lovering Ave<br>Wilmington, DE 19806 |
| Ridge Realty Properties, LLC<br>c/o Brien M. Penn, Esquire<br>Penn Law Firm LLC<br>233 E. Redwood St, Ste 800G<br>Baltimore, MD 21202 | Ridge Realty Properties, LLC<br>2553 Star Apple Way<br>Sarasota, FL 34240 |
| Waste Management of Maryland, Inc.<br>625 Cherrington Parkway<br>Moon Township, PA 15108 | Waste Management of Maryland, Inc.<br>c/o Richard Kind, Esquire<br>Law Offices of Kind & Dashoff, LLC<br>One Church Lane<br>Baltimore MD 21208 |
| Waste Management of Maryland, Inc.<br>2550 W Union Hills Dr.<br>Phoenix, AZ 85027 | Sum Walt Partnership, LLC<br>c/o STEPHEN H. STROHECKER,<br>Registered Agent<br>1210 LIGHT STREET<br>BALTIMORE MD 21230 |
| Sum Walt Partnership, LLC<br>841 East Fort Ave.<br>Suite 323<br>Baltimore, MD 21230 | Sum Walt Partnership, LLC<br>1138 S Charles Street<br>Baltimore, MD 21230 |

16

| | |
|---|---|
| Baltimore Gas and Electric Co.<br>Rm. 520, R/W Archives<br>1068 N. Front St.<br>Baltimore, MD 21202-4129 | Stancorp Mortgage Investors, LLC<br>10265 NE Tanasbourne Drive<br>Hillsboro, OR 97124 |
| Mayor and City Council of Baltimore<br>c/o Dept of Housing & Community Development<br>417 E Fayette Street Rm 355<br>Baltimore, MD 21202 | Dept of Housing & Community Development<br>c/o Jonathan Riddix, Esquire<br>417 E Fayette St<br>Baltimore MD 21202 |
| D&J Drywall, Inc.<br>c/o JOSE JESUS RANGEL, Registered Agent<br>6053 Watch Chain Way<br>Columbia, MD 21044 | D&J Drywall, Inc.<br>c/o Kyle Kushner, Esquire<br>Lawrence Law LLC<br>323 W Camden St Ste 700<br>Baltimore MD 21201 |
| Pinpoint Plumbing, LLC<br>c/o DAVID A. OSBORNE, Registered Agent<br>1723 O CONNOR RD<br>FOREST HILL MD 21050 | Pinpoint Plumbing, LLC<br>4425 Fitch Avenue Suite 100<br>Nottingham, MD 21236 |
| Pinpoint Plumbing, LLC<br>c/o Catherine Lawrence, Esquire<br>Lawrence Law LLC<br>323 W Camden St Ste 700<br>Baltimore MD 21201 | SBC Landscaping, LLC<br>c/o Brad Kauffman, Esquire<br>406 W Pennsylvania Ave<br>Towson MD 21204 |
| SBC Landscaping, LLC<br>c/o BRAD CRIST, Registered Agent<br>1704 Chateau Court<br>Fallston, MD 21047 | Baltimore City Department of Finance<br>Bureau of Revenue Collections<br>200 Holliday Street, Rm 7<br>Baltimore, MD 21202 |
| Lee Barnstein, Resident Agent<br>Ground Rents, L.L.C.<br>1705 Reisterstown Rd, 1st Floor<br>Baltimore, MD 21208 | Ground Rents, LLC<br>Lee Barnstein<br>P.O. Box 32111<br>Baltimore, MD 21282 |
| Ground Rents, L.L.C.<br>1705 Reisterstown Rd, 1st Floor<br>Baltimore, MD 21208<br>Devisees of Lucy E. Heighe<br>c/o Whiteford, Taylor & Preston, L.L.P.<br>7 St. Paul Street, Suite 1500<br>Baltimore, MD 21202 | Mrs. Gail M Ahern<br>167 N Wilton Rd<br>New Canaan, CT 06840<br>Devisees of Lucy E. Heighe<br>7 St. Paul Street, Suite 1500<br>Baltimore, MD 21202 |

**Minority Members**:

| | |
|---|---|
| Barry Chasen<br>4817 Leland Street<br>Bethesda, MD 20815 | Barry Chasen<br>15299 Vintage Oaks Lane<br>Delray Beach, FL 33484 |
| Lyn Chasen<br>4817 Leland Street<br>Bethesda, MD 20815 | Lyn Chasen<br>15299 Vintage Oaks Lane<br>Delray Beach, FL 33484 |
| Blake Chasen<br>13916 Green Branch Drive<br>Phoenix, MD 21131 | Blake Chasen<br>74 Pricefield Rd<br>Toronto, ON  M4W 1Z9 |
| Ben Chasen<br>13916 Green Branch Drive<br>Phoenix, MD 21131 | Ferdinand Onnen<br>Corrine Onnen<br>510 Chadwick Road<br>Lutherville Timonium, MD 21093 |
| Moise Fokou<br>4507 W Frankfort Drive<br>Rockville, MD 20853 | Keith Mitchell Cohen Trust<br>9118 Redwood Ave.<br>Bethesda, MD 20817 |
| Jonathan Pratt<br>9514 Lindale Drive<br>Bethesda, MD 20817 | DL Cohen Real Estate Ventures LLC<br>232 Bears Club Dr.<br>Jupiter, FL 33277 |
| Steven C. Tourkin<br>Heather B. Tourkin<br>Equity House II<br>410 Northway<br>Baltimore, MD 21218-1115 | Steven C. Tourkin<br>Heather B. Tourkin<br>2401 Holiday Ranch Loop Rd<br>Park City, UT 84060-6835 |
| Four Kids Investment Fund LLC<br>5825 Windsor Court<br>Boca Raton, FL 33496 | Four Kids Investment Fund LLC<br>c/o Aaron L. Casagrande<br>ICE MILLER LLP<br>100 Light Street, Suite 1350<br>Baltimore, Maryland 21202-1216 |
| Tarra Stetson<br>811 Poinciana Dr<br>Fort Lauderdale, FL 33301 | Tarra Stetson<br>811 SE 26th Ave<br>Fort Lauderdale, FL 33301 |
| Mark Gross<br>5647 Bent Branch Rd<br>Bethesda, MD 20816 | Mark Gross<br>4829 Fairmont Ave #200<br>Bethesda, MD 20814 |
| Family Pension 401K, Alan Honig, Trustee<br>150 E. Palmetto Park Rd<br>Boca Raton, FL 33432 | Family Pension 401K, Alan Honig, Trustee<br>5825 Windsor Court<br>Boca Raton, FL 33496 |

18

| | |
|---|---|
| Family Pension 401K, Alan Honig, Trustee<br>c/o Ice Miller LLC<br>100 Light St #1350<br>Baltimore, MD 21202 | Renee Honig 2019 Irrevocable Trust Agreement<br>5825 Windsor Court<br>Boca Raton, FL 33496 |
| Dan Waldman<br>100 Riverside Drive Apt 9D<br>New York, NY 10024 | Dan Waldman<br>201 W. 90th St.<br>New York, NY 10024 |
| Adam Stern<br>9429 Harding Ave Ste 225<br>Miami Beach, FL 33154 | H&H Capital, LLC Hatley Wasko<br>Managing Partner<br>463 Adams St<br>Denver, CO 80206 |
| Adam Gottbetter<br>147 W Coconut Palm Rd<br>Boca Raton, FL 33432 | Adam Gottbetter<br>230 Vesey St<br>New York, NY 10080 |
| Jacob Honig<br>150 E. Palmetto Park Rd., Ste. 404<br>Boca Raton, FL 33432 | Jacob Honig<br>215 SE Spanish Trail<br>Boca Raton, FL 33432 |
| Paul Davis<br>5911 Ryland Dr.<br>Bethesda, MD 20817-2540 | |

/s/ *Michael Lichtenstein*
Michael Lichtenstein