IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| BRANDON MICHAEL CHASEN, SR. | ) | |
| | ) | Case No. 25-15437-NVA |
| Debtor. | ) | |
| | ) | |

**NOTICE OF
TRUSTEE'S MOTION FOR AUTHORITY TO USE PROPERTY OF THE ESTATE,
ENTER INTO LIMITED SETTLEMENT WITH STANCORP AND PR GIV LLC, AND
FACILITATE MORTGAGE ASSUMPTION TRANSACTIONS WITH STANCORP**

**PLEASE TAKE NOTICE** that Zvi Guttman, Chapter 7 Trustee (the "**Trustee**") for Brandon Michael Chasen, Sr. (the "**Debtor**"), has filed his Trustee's Motion for Authority to Use Property of the Estate, Enter into Limited Settlement with StanCorp and PR GIV, LLC, and Facilitate Mortgage Assumption Transactions with StanCorp (the "**Motion**").[1]

As more fully outlined in the Motion, before the Petition Date, the Debtor was the principal of a real estate acquisition, development, and investment business, conducted through numerous business entities (such as limited liability companies or "**LLCs**"), which owned multi-family properties in Baltimore City, as well as Virginia and Florida. The Motion addresses twenty-four (24) LLCs (the "**Subject LLCs**") for twenty-three (23) commercial loans (sometimes hereinafter the "**Subject Loans**") extended by StanCorp Mortgage Investors, LLC ("**StanCorp**") as authorized agent of the lenders of record, secured by underlying real properties. The Debtor is the majority member and sole manager for the Subject LLCs, and his membership interests and management powers in the Subject LLCs are property of the Estate. **Exhibit A** to the Motion sets forth the Subject LLCs, the Debtor's membership interests, and the underlying real properties.

The Subject LLCs defaulted on the Subject Loans before the Petition Date, and StanCorp began to exercise its rights and remedies under its loan documents and applicable law with respect to the subject properties. StanCorp identified a potential third-party, Amin Rezvani ("**Mr. Rezvani**"), who is unaffiliated with the Debtor and the Debtor's business and who is interested in acquiring the properties securing the Subject Loans by assuming secured debt, through special purpose entities under his control. StanCorp was unable to complete these transactions (which would have required the Debtor's execution and authorization as manager of the respective LLCs) before the Debtor's bankruptcy.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion. To the extent of any conflict between the terms of this Notice and the Motion, the Motion shall control.

The filing of the Debtor's bankruptcy case means that the Debtor's interests in and management powers over the Subject LLCs (that are title owners of the real properties) are now property of the Estate, subject to the Trustee's administration but also potentially subject to PG GIV's security interest, as described below. Because the Debtor was the majority member and manager of the Subject LLCs with sole authority to make decisions and act, the Trustee now stands in the Debtor's shoes post-petition.

Additionally, in connection with a certain loan extended by PR GIV, LLC ("**PR GIV**"), PR GIV asserts that the Debtor secured his guaranty by granting PR GIV a security interest in his membership interests and management rights in all of the Subject LLCs. Citing a prior default under the terms of the PR GIV loan, PR GIV purportedly exercised its rights to remove and replace the existing manager with PR GIV for five (5) of the Subject LLCs. Consequently, PR GIV asserts that PR GIV (rather than the Trustee) controls the management interests and powers of the Debtor in the Assigned Interests.

The Trustee, StanCorp, and PR GIV have negotiated in good faith and arm's-length and have reached an agreement for the Trustee, utilizing the Estate's and/or PR GIV's rights in the Debtor's membership interests, to complete the assumption transactions with Mr. Rezvani's special purpose entities that were in progress before the Petition Date. In exchange for executing the necessary documents on behalf of the Subject LLCs (e.g. purchase and sale agreements, loan assumptions, consents to modification of deeds of trust, assignments of leases and other contracts, deeds of conveyance, bills of sale, assignment of leases and any tenant security deposits from the Subject LLCs to Purchaser and ancillary transfer and loan documents), StanCorp will pay to the Trustee a carve-out of $25,000.00 for each of the twenty-three (23) Subject Loans assumption that close (the "**Assumption Transaction(s)**"), for a maximum consideration of $575,000.00. None of the real properties owned by the Subject LLCs (which are not property of the Estate) has any equity, and the alternative path (StanCorp liquidating the properties by way of foreclosure or other means) would result in zero proceeds for the Estate. Rather than monetizing the property held by the Subject LLCs, the Trustee is monetizing the Estate's *control* of the Subject LLCs, a direct asset of the Estate.

PR GIV has agreed to assign its purported right, title, and interest in the collateral assignment of the Debtor's membership interests and management rights of the Subject LLCs to the Trustee to facilitate the completion of the Assumption Transactions. In return, from the $25,000 per Assumption Transaction (that does close) paid by StanCorp to the Trustee, the Trustee will disburse to PR GIV (without further notice or Court order) $9,125.00 (representing 36.5% of the $25,000.00 carve-out for each of the Assumption Transactions that closes). PR GIV will reduce its claim against the Estate by the amount actually received.

To the extent that StanCorp and/or the Purchaser decide (in their reasonable or unreasonable discretion) not to move forward with any of the Assumption Transactions and/or are unable to close any of the Assumption Transactions, StanCorp will make a payment of $1,000 for each of the Subject Loans that does not close to reimburse the Trustee for the attorney's fees and expenses of Trustee's counsel arising out of and in connection with this Motion.

The Trustee submits that the decision to proceed with the Assumption Transactions is based upon sound business judgment and should be approved. Here, the Trustee's goal is to monetize the Debtor's assets, consistent with his statutory duty to monetize assets of the Estate. The Trustee has investigated the circumstances surrounding the Subject LLCs, the real properties they own, and the Subject Loans. Considering the apparent lack of equity in each of the properties individually and collectively, the amount to be paid by StanCorp to the Trustee for each Assumption Transaction represents fair consideration for the Trustee's use of Estate property. The Assumption Transactions represent the best and most efficient (and more than likely only) way to monetize the Debtor's membership interests in and management power over the Subject LLCs that are subject to this Motion. In addition, PR GIV asserts a contractual assignment of membership interests and management rights of the Subject LLCs (five of which were purportedly exercised prepetition) and has agreed to assign its right, title, and interest therein to the Trustee to facilitate the completion of this transaction.

Additionally, the Trustee believes, in the exercise of his business judgment, after carefully reviewing the facts and legal issues, that the resolution of the various disputes between the Parties as outlined in the Motion is in the best interests of the Estate.

1. One, the Trustee is monetizing an asset that would be extinguished by a StanCorp foreclosure of the properties owned by the Subject LLCs. In consideration of the agreement outlined in the Motion, StanCorp will forbear in good faith from foreclosing on the underlying properties securing the Subject Loans to allow for adequate time for the Parties to attempt to effectuate as many of the Assumption Transactions as it deems feasible.

2. Two, a dispute exists regarding control of the Subject LLCs and the Estate's entitlement to the proceeds of the exercise of that control. That issue is resolved by the assignment of those rights by PR GIV to the Estate and the payment by the Trustee to PR GIV of 36.5% of the Estate's carve-out for each Assumption Transaction that closes.

3. Three, by proceeding with the proposed Assumption Transactions, StanCorp agrees that it will voluntarily reduce StanCorp's allowed claim in the Debtor's bankruptcy case.

4. Four, as a material element of the settlement, in exchange for StanCorp's claim reduction in the Estate, certain voluntary forbearance, and the substantial consideration supplied by StanCorp, the Trustee on behalf of the Estate, has agreed to waive and release any claims against StanCorp (including, the StanCorp lenders of record) related to any and each of the Subject Loans that are assumed, the underlying properties securing those loans, and the Subject LLCs that own such properties. As further consideration for the release in favor of StanCorp, StanCorp will execute an assignment granting, conveying, and assigning to the Trustee for the benefit of the Estate all right, title and interest, StanCorp has to claim or recover StanCorp rents that were improperly diverted to third parties and away from the underlying properties that secured the Subject Loans after StanCorp terminated the

3

Subject LLCs right to collect such rents (and as to which StanCorp maintained a lien and/or property rights under its loan documents). The Trustee in Trustee's name or otherwise, but for the sole use and benefit of the captioned Chapter 7 Estate, may demand, sue for, compromise, collect, and give satisfaction for any such claims. The Trustee for and on behalf of himself and the Bankruptcy Estate of the Debtor agrees to pay to StanCorp 30% of the net recovery from such recoveries.

**NOTICE IS FURTHER GIVEN** that a hearing on the Motion is scheduled for **Wednesday, November 19, 2025, at 11:00 AM in Courtroom 2-A**, United States Bankruptcy Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201. Objections, if any, to the Motion and proposed settlement, must be filed within twenty-one (21) days from the date of this Notice with the Clerk, United States Bankruptcy Court for the District of Maryland, 101 West Lombard Street, 8th Floor, Baltimore, MD 21201, with copies served upon the undersigned counsel to the Trustee. Any objection must contain a complete specification of factual and legal grounds upon which it is based. If no objections are timely filed, the Court may adjourn any hearing scheduled thereon and grant the Motion without further notice. Parties desiring further information may contact the undersigned.

Dated: October 14, 2025

/s/ *Michael Lichtenstein*
Michael Lichtenstein, Esq. (Fed. Bar No. 05604)
Shulman Rogers, P.A.
12505 Park Potomac Avenue, 6th floor
Potomac, MD 20854
Tel: (301) 230-5231
Email: mjl@shulmanrogers.com

*Counsel for Zvi Guttman, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of October, 2025, that a copy of the *foregoing Notice* will be served by first class mail, postage prepaid on all Creditors as listed on the attached Creditors' Mailing Matrix.

/s/ *Michael Lichtenstein*
Michael Lichtenstein