IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 25-12356-NVA |
| CHASEN CONSTRUCTION, LLC, | ) |
| | ) |
| Debtor. | ) (Chapter 11) |
| | ) |
| In re: | ) |
| | ) |
| | ) |
| BRANDON M. CHASEN SR. | ) Case No. 25-15437-NVA |
| | ) |
| Debtor. | ) (Chapter 7) |
| | ) |

## MOTION FOR RULE 2004 EXAMINATION OF NEW WORLD TITLE COMPANY, LLC

COMES NOW, Roger Schlossberg, Chapter 11 Trustee for the bankruptcy estate of Chasen Construction LLC (the "Chapter 11 Trustee"), and Zvi Guttman, Chapter 7 Trustee for the bankruptcy estate of Brandon M. Chasen Sr. (the "Chapter 7 Trustee") (collectively, the "Trustees" or "Movants"), and in support of their *Motion for Rule 2004 Examination of New World Title Company, LLC* (the "*Motion*"), hereby respectfully represents as follows:

### Background

1. On March 19, 2025, a bankruptcy proceeding was commenced against Chasen Construction, LLC ("Chasen Construction") upon the filing of an *Involuntary Petition* under Chapter 11 of the Bankruptcy Code by Sandy Spring Bank ("Sandy Spring"), Southland Insulators of Maryland, Inc., and Ferguson Enterprises, Inc. (collectively, the "Petitioning Creditors"). [Dkt. #1 in Case No. 25-12356].

2. On that same date, Sandy Spring Bank filed an *Emergency Motion to Appoint Chapter 11 Trustee* (the "*Emergency Motion*"). [Dkt. #3 in Case. No. 25-12356]. Following the

conduct of expedited proceedings on that *Emergency Motion* commencing on March 24, 2025, this Court orally announced its ruling on March 25, 2025 and subsequently caused to be issued on March 26, 2025 its *Order Granting Emergency Motion to Appoint Chapter 11 Trustee and Directing the Appointment of a Chapter 11 Trustee*. [Dkt. #22 in Case No. 25-12356].

3.      Mr. Schlossberg thereafter was appointed by the Acting United States Trustee for Region Four to serve as the Chapter 11 Trustee for the bankruptcy estate of Chasen Construction. [Dkt. #23 in Case No. 25-12356]. This Court approved Mr. Schlossberg's appointment on March 27, 2025. [Dkt. #26 in Case No. 25-12356]. Mr. Schlossberg thereafter accepted appointment as the Chapter 11Trustee herein, duly qualified for that position and has been acting in said fiduciary capacity through the date hereof.

4.      On June 16, 2025, the aforementioned Petitioning Creditors commenced a bankruptcy proceeding against Brandon M. Chasen Sr. ("Mr. Chasen"), one of the principals of Chasen Construction, upon the filing of an *Involuntary Petition* under Chapter 7 of the Bankruptcy Code. [Dkt. #1 in Case No. 25-12437].

5.      On July 11, 2025, Mr. Chasen moved to convert Case No. 25-12437 to a voluntary case under Chapter 7 of the Bankruptcy Code. [Dkt. #23 in Case No. 25-12437]. On July 30, 2025, this Court granted Mr. Chasen's motion to convert the case to a voluntary proceeding. [Dkt. #29 in Case No. 25-12437].

6.      Mr. Guttman thereupon duly was appointed Chapter 7 Interim Trustee of Mr. Chasen's bankruptcy estate.  Following the convening of that meeting of creditors required to be conducted pursuant to 11 U.S.C. § 341(a) without the request by creditors for the election of a trustee as permitted by 11 U.S.C. §702(b) and (c), the appointment of Mr. Guttman ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

**Jurisdiction, Venue, _Etc_.**

7.     This Court is vested with jurisdiction over the above-captioned administrative cases and this contested matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule 402. Further, this contested matter is a "core" proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(A) and (O). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

**Parties**

8.     Your Movants jointly seek authority by the instant _Motion_ to conduct an examination pursuant to the provisions of Bankruptcy Rule 2004.

9.     The party as to whom your Movants seek  to examine pursuant to the provisions of Bankruptcy Rule 2004 is New World Title Company, LLC ("New World Title"), a Maryland limited liability company with a principal place of business at 1407 York Road, Suite 304, Lutherville, Maryland.

**Legal Authority for Rule 2004 Examination**

10.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Rule 2004 permits the "examination of an entity . . . relat[ing] only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" _Id._ The term "entity" includes any governmental unit. 11 U.S.C. §101(15).

11.     Bankruptcy Rule 2004 uniformly has been held to provide a broad power to investigate _any_ matter that may affect the administration of the estate, particularly regarding the discovery of assets of estate and exposure of any fraudulent conduct. _See In re Symington_, 209 B.R. 678, 683 (Bankr. D. Md. 1997); _In re Bennett Funding Group, Inc._, 203 B.R. 24, 27-28

(Bankr. N.D.N.Y. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). The Rule is designed to provide a "sweeping general examination" of debtors, the scope of which is "unfettered and broad." *In re Symington*, 209 B.R. at 683; *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The scope of a Bankruptcy Rule 2004 examination, in fact, is so broad it has been characterized as a "fishing expedition." *In re Szadkowski*, 198 B.R. 140, 140 (Bankr. D. Md. 1996); *In re Duratech Indus.*, 241 B.R. 291 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (N.D.N.Y. 1999).

### Factual Predicate for the Instant Rule 2004 Examination

12.     Upon investigation into the assets and business operations of Chasen Construction, the Trustees discovered that large sums of money have been transferred to New World Title over the course of the last three (3) years. It is further believed, based on said investigation, that New World Title handled closings and other real estate-related tasks for Chasen Construction and its numerous affiliated business entities (hereinafter referred to as the "Chasen Related Entities"), as well as for the individual members of Chasen Construction and the various Chasen Related Entities, including Mr. Chasen and Paul Davis.

13.     The Trustees desire to examine New World Title to learn more about the proposed examinee's relationship with the Chasen Construction, the Chasen Related Entities, Mr. Chasen, and Mr. Davis and to obtain documents from New World Title regarding, *inter alia*, its communications with the foregoing persons and entities, as well as documents regarding the myriad of transactions that New World Title facilitated, or participated in, which involve any of Chasen Construction, the Chasen Related Entities, Mr. Chasen and/or Mr. Davis.

14.     Accordingly, your Movants now seek leave by the instant *Motion* to take the Rule 2004 examination of New World Title and to request the production of documents from said examinee pursuant to a standard *Subpoena for Rule 2004 Examination*.

15.     Movants respectfully urge that the requested Rule 2004 examination is in the best interests of all partis-in-interest in the above-captioned bankruptcy cases.

16.     Pursuant to Local Rule 9013-2, Movants state that no memorandum of fact and law will be filed and that they will rely solely upon this motion.

<u>Conclusion</u>

WHEREFORE, Movants respectfully pray that this Honorable Court grant the instant *Motion* and order that a Rule 2004 examination of New World Title Company, LLC be conducted herein.

Respectfully submitted,

THE LAW OFFICES OF ZVI GUTTMAN, P.A.

  */s/ Zvi Guttman*
Zvi Guttman #06902
P.O. Box 32308
Baltimore, MD 21282
(410) 580-0500
zvi@zviguttman.com
*Attorneys for Zvi Guttman, Ch. 7 Trustee*