Entered: November 18th, 2025
Signed: November 17th, 2025

**SO ORDERED**

NO TIMELY OPPOSITION.



Nancy V. Alquist
**NANCY V. ALQUIST**
**U. S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: | ) |
| | )   Chapter 7 |
| BRANDON MICHAEL CHASEN, SR. | ) |
| | )   Case No. 25-15437 |
| Debtor. | ) |
| | ) |

## ORDER GRANTING
## TRUSTEE'S MOTION FOR AUTHORITY TO USE PROPERTY OF THE ESTATE, ENTER INTO LIMITED SETTLEMENT WITH STANCORP AND PR GIV LLC, AND FACILITATE MORTGAGE ASSUMPTION TRANSACTIONS WITH STANCORP

Upon consideration of the Trustee's Motion for Authority to Use Property of the Estate, Enter into Limited Settlement with StanCorp Mortgage Investors, LLC (**"StanCorp"**) and PR GIV, LLC (**"PR GIV"**), and Facilitate Mortgage Assumption Transactions with StanCorp (the "**Motion**") filed by Zvi Guttman, Chapter 7 trustee (the "**Trustee**") for Brandon Michael Chasen, Sr. (the "**Debtor**"):

**AND UPON THE UNCONTROVERTED REPRESENTATIONS OF THE PARTIES THAT**:

A. This Court has jurisdiction over the Motion and the Assumption Transactions[1] contemplated by the Motion, and any ancillary documents and agreements related thereto, pursuant

---

[1] Defined terms herein shall have the meanings ascribed in the Motion unless otherwise set forth herein.

to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue for the above-captioned bankruptcy case and the Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are §§ 105(a), 363(b), 365, and 541(a) of the Bankruptcy Code, and Fed. R. Bankr. P. 2002, 6004, and 9019.

C. The Motion seeks authority for the Trustee to utilize rights in membership interests and powers as manager for the limited liability companies (identified in Exhibit A to the Motion) in which both the bankruptcy estate and PR GIV assert interests, to enter into the Assumption Transactions, including to take such administrative action and execute such documents on behalf of the respective LLCs that are necessary to complete the sale and transfer of the real properties owned by said LLCs (the "**Subject LLCs"**) to the Purchaser along with the assumption of the underlying secured debt for which StanCorp is the authorized agent of the lenders of record.  The Assumption Transactions, including the Debtor's and PR GIV's membership interests in the Subject LLCs and underlying real properties owned by the Subject LLCs securing the Subject Loans (e.g. twenty-three (23) commercial loans from StanCorp to twenty-four (24) limited liability companies), subject to the Motion, are outlined in the chart attached hereto as **Exhibit A**.

D. The Trustee has: (i) properly and appropriately exercised his sound business judgment in determining that entering into the Assumption Transactions is in the best interest of the Estate, creditors, and other parties in interest; and (ii) demonstrated good and sufficient business justification for authorization to use property of the estate under § 363(b) in the manner set forth in the Motion.

E. Entering into the Assumption Transactions will provide the highest and otherwise best value for the Estate's interest in the Debtor's interest in the Subject LLCs and is in the best interests of the Estate, creditors, and other parties in interest in that: (i) the Assumptions

Transactions were proposed and entered into without collusion, in good faith and from arm's length bargaining positions by and between the Trustee, StanCorp, and PR GIV; and (ii) the Purchaser is a third-party unrelated to the Trustee, the Debtor, or PR GIV, and persons connected to the Trustee, Debtor, or PR GIV, other than with respect to the Purchaser's acquisition of three properties in similar assumption transactions before the Petition Date for similarly situated commercial loans from StanCorp secured by properties with no equity as set forth in the Motion.

F.  As evidenced by the certificates of service previously filed with this Court: (i) proper, timely, adequate, and sufficient notice of the Motion has been given in accordance with §§ 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9019; (ii) such notice constitutes good and sufficient notice of the Motion, and was good, sufficient, and appropriate notice under the circumstances; and (iii) no other or further notice of the Motion is or shall be required.

G.  A reasonable opportunity to object or be heard regarding the Motion and the Assumption Transactions has been afforded to all interested parties in accordance with §§ 102(1) and 363 of the Bankruptcy Code and with Bankruptcy Rules 2002, 6004, and 9019.

H.  The Debtor's membership interests in the Subject LLCs and powers as manager in certain of the Subject LLCs are property of the Estate. The Trustee, as statutory representative of the Estate, may use such interests and powers outside of the ordinary course of business under § 363(b) by entering into the Assumption Transactions. The Trustee is the duly recognized and authorized representative of certain of the Subject LLCs with the power to effectuate the Assumption Transactions for those Subject LLCs. Alternatively, PR GIV holds such power and has granted that power to the Trustee for the purposes of effectuating the Assumption Transactions for the Subject LLCs.

I.  In exchange for taking such administrative actions and executing documents on

behalf of the respective LLCs (e.g. purchase and sale agreements, loan assumptions, consents to modification of deeds of trust, assignments of leases and other contracts, deeds of conveyance, bills of sale, assignment of leases and any tenant security deposits from the Subject LLCs to the Purchaser and ancillary transfer and loan documents) that are necessary to close the Assumption Transactions, StanCorp will pay to the Trustee a carve-out of $25,000.00 for each of the Assumption Transactions that closes, for a maximum consideration of $575,000.00. The amount to be paid by StanCorp to the Trustee for each of the Assumption Transactions represents fair consideration for the Trustee's use of Estate property. In turn, the Trustee will pay PR GIV $9,125.00 (representing 36.5% of the $25,000.00 carve-out) for each of the Assumption Transactions that closes, without further notice or court order.

J. Upon consummation of the Assumption Transactions pursuant to the authorization set forth herein, the Assumption Transactions shall constitute a legal, valid, and effective transfer to the Purchaser, and shall vest in the Purchaser all the right, title, and interest of the Subject LLCs and PR GIV in and to the real properties owned by such LLCs.

K. The settlement embodied by the Motion represents a fair, prudent, and reasonable compromise of the controversies resolved therein and is in the best interests of the Estate and creditors under Fed. R. Bankr. P. 9019. The Trustee has demonstrated good, sufficient, and sound business purpose and justification for entering into the Assumption Transactions and granting the limited release of StanCorp, as set forth below. The settlement was negotiated, proposed, and entered into by the Parties without collusion, in good faith, and from arm's length bargaining positions.

L. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter pursuant to Bankruptcy Rule 9014. To the extent any of the foregoing findings of fact

constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is hereby granted as set forth herein pursuant to the terms of this Order, and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or resolved, as stated on the record or herein, are hereby overruled and denied on the merits.

2. The Assumption Transactions are hereby approved pursuant to §§ 105, 363, 365, and 541 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019. The Trustee is authorized to enter into the Assumption Transactions, including taking administrative actions and executing any documents on behalf of the Subject LLCs (including but not limited to purchase and sale agreements, consents to transfer, modification and assumption agreements, deeds of conveyance, bills of sale, assignment of leases and any tenant security deposits from the Subject LLCs to Purchaser and ancillary transfer and loan documents) necessary for the Assumption Transactions to close.

3. At closing, StanCorp is directed to pay the Trustee for the benefit of the Estate a carve-out of $25,000.00 for each of the Assumption Transactions that closes, for a maximum consideration of $575,000.00 and the Trustee, in turn, is directed to promptly pay PR GIV without further notice or court order $9,125.00 (representing 36.5% of the $25,000.00 carve-out) for each of the Assumption Transactions that closes. To the extent that StanCorp and/or the Purchaser decide (in their reasonable or unreasonable discretion) not to move forward with one or more of the Assumption Transactions and/or is unable to close one or more of the Assumption Transactions, StanCorp will make a payment to the Trustee of $25,000 per Assumption Transaction that does close. To the extent that StanCorp and/or the Purchaser decide (in their

reasonable or unreasonable discretion) not to move forward with any of the Assumption Transactions and/or are unable to close any of the Assumption Transactions, StanCorp will make a payment of $1,000 per Assumption Transaction that does not close to reimburse the Trustee for the attorney's fees and expenses of Trustee's counsel arising out of and in connection with this Motion.

4. The Trustee, on behalf of the Estate, hereby waives and releases any claims against StanCorp (and the StanCorp lenders of record) related to any and each of Assumption Transactions that close, the Subject Loans made by StanCorp to the Subject LLCs, the underlying properties securing the Subject Loans from StanCorp, and the Subject LLCs that owned such properties.

5. StanCorp will execute an assignment, and hereby grants, conveys, and assigns to the Trustee for the benefit of the Estate, any and all right, title and interest StanCorp has to claim or recover StanCorp rents that were improperly diverted to third parties and away from the underlying properties that secured the Subject Loans after StanCorp terminated the Subject LLCs' right to collect such rents (and as to which StanCorp maintained a lien and/or property rights under its loan documents). The Trustee in Trustee's name or otherwise, but for the sole use and benefit of the captioned Chapter 7 Estate, may demand, sue for, compromise, collect, and give satisfaction for any such claims. The Trustee for and on behalf of himself and the Bankruptcy Estate of the Debtor agrees to pay to StanCorp 30% of the net recovery from any such recoveries, with the remainder retained for the benefit of the Estate and its creditors.

6. This Order shall be binding in all respects upon StanCorp, the Purchaser, the Trustee, the Debtor, PR GIV, all creditors of the Debtor (known or unknown), and all interested parties, including, but not limited to, any party asserting an interest in the Debtor's membership interests and powers for the subject LLCs, and upon the successors and assigns of any of the foregoing.

7.      Purchaser shall not be subject to any liability as successor to the Debtor or the Trustee by reason of the Assumption Transactions.

8.      This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and to hear and determine any related disputes; provided however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction, or is without jurisdiction with respect to this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

9.      The Trustee shall be authorized, on behalf of the Debtor, to (a) fully perform under, consummate and implement the Assumption Transactions, including taking such administrative action and executing all instruments and documents that may be reasonably necessary, required or desirable to close the Assumption Transactions, and (b) to take all further actions as may be reasonably requested by the Purchaser for the purpose of transferring, granting, and conveying the real properties owned by the Subject LLCs to the Purchaser, free and clear of interests.

10.     This Order is final and effective immediately upon entry, and the stay of Bankruptcy Rule 6004(h) is waived.

cc:     All Counsel of Record
        All Parties in Interest

**- END OF ORDER -**

# EXHIBIT A

| Property Owner/Borrower Name | Debtor's Membership Interest Percentage | Manager's Authority[A] | Property Address | Land Records Recording Information | Total Amount to Payoff Loan on 8/31/2025[B] | Unpaid Water Bills | Appraised Value | Appraise Valued less 10% cost of sale | Payoff - Appraised Value (inc 10% cost of sale) | Assumption Amount[C] |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 W MONTGOMERY STREET LLC | 64% | exclusive authority to take action | 12 West Montgomery Street, Baltimore, MD 21230 | Bk 20694, pg 282 12/03/2018 | $2,976,900.80 | $7,263.79 | $2,700,000 | $2,430,000 | ($546,900.80) | $2,198,035.00 |
| 1702 LIGHT STREET PLACE LLC | 60% | exclusive authority to take action | 1702-1708 Light Street , Baltimore, MD 21230 | Bk 20868, Pg 374 02/08/2019 | $3,218,301.65 | $21,713.13 | $2,700,000 | $2,430,000 | ($788,301.65) | $2,364,510.00 |
| 415 ST PAUL PLACE LLC | 80% | exclusive authority to take action | 411-415 St. Paul Place, Baltimore, MD 21202 | Bk 21026, Pg 420 04/12/2019 | $3,179,810.65 | $13,906.09 | $2,550,000 | $2,295,000 | ($884,810.65) | $2,329,391.00 |
| 1719 EASTERN AVE LLC | 65% | exclusive authority to take action | 1719 Eastern Avenue, Baltimore, MD 21231 | Bk 21868 Pg 149 02/14/2020 | $3,435,465.11 | $9,567.85 | $2,600,000 | $2,340,000 | ($1,095,465.11) | $2,556,607.00 |
| 1742 FLEET STREET LLC | 65% | exclusive authority to take action | 1742-1746 Fleet Street, Baltimore, MD 21231 | Bk 21785, Pg 377 01/17/2020 | $3,783,081.87 | $7,411.24 | $4,000,000 | $3,600,000 | ($183,081.87) | $2,829,309.00 |
| CS 1617 EASTERN AVE LLC | 65% | exclusive authority to take action | 1617 Eastern Avenue, Baltimore, MD 21231 | Bk 22260, Pg 262 09/08/2020 | $6,675,535.35 | $9,819.39 | $5,100,000 | $4,590,000 | ($2,085,535.35) | $4,969,692.00 |
| CS 1122 N CALVERT LLC | 65% | exclusive authority to take action | 1122-1126 N. Calvert Street, Baltimore, MD 21202 | Bk 22579, Pg 369 01/26/2021 | $4,026,200.41 | $24,459.07 | $2,450,000 | $2,205,000 | ($1,821,200.41) | $3,009,837.00 |
| CS 1709 FLEET STREET LLC | 65% | exclusive authority to take action | 1709-1719 Fleet Street, Baltimore, MD 21231 | Bk 23152, Pg 28 05/24/2021 | $8,434,759.13 | $23,271.55 | $6,300,000 | $5,670,000 | ($2,764,759.13) | $6,362,060.00 |
| CC 115 E EAGER ST LLC | 65% | exclusive authority to take action | 115 East Eager Street, Baltimore, MD 21202 | Bk 22975, Pg 173 04/20/2021 | $2,230,538.26 | $19,560.18 | $1,590,000 | $1,431,000 | ($799,538.26) | $1,665,996.00 |
| CC 902 SAINT PAUL ST LLC | 65% | exclusive authority to take action | 902 and 904 Saint Paul Street, Baltimore, MD 21202 | Bk 22975, Pg 209 04/20/2021 | $3,648,171.74 | $14,273.67 | $2,550,000 | $2,295,000 | ($1,353,171.74) | $2,717,156.00 |
| CS 520 SOUTH CAROLINE STREET LLC | 65% | exclusive authority to take action | 520-532 South Caroline St., Baltimore, MD 21231 | Bk 24388, Pg 57 03/17/2022 | $10,973,521.64 | $36,042.96 | $8,100,000 | $7,290,000 | ($3,683,521.64) | $9,658,543.00 |
| CC 311 CATHEDRAL STREET LLC | 58.50% | exclusive authority to take action | 311 Cathedral Street, AKA 19 W. Mulberry Street, Baltimore, MD 21201 | Bk 25040, Pg 315 09/08/2022 | $8,995,703.59 | $43,191.89 | $4,850,000 | $4,365,000 | ($4,630,703.59) | $8,076,971.00 |
| CC 417 SAINT PAUL PLACE LLC / CC 419 SAINT PAUL PLACE LLC | 65% / 59.5% | exclusive authority to take action | 417-421 St. Paul Place, Baltimore, MD 21202 | Bk 25438, Pg 362 01/03/2023 | $7,645,945.25 | $9,203.29 | $4,900,000 | $4,410,000 | ($3,235,945.25) | $5,638,616.00 |
| CC 601 SOUTH BROADWAY LLC | 65% | exclusive authority to take action | 601 South Broadway, Baltimore, MD 21231 | Bk 25450, Pg 143 01/06/2023 | $12,866,929.51 | $8,516.72 | $8,100,000 | $7,290,000 | ($5,576,929.51) | $9,577,367.00 |
| CS 421 SOUTH BROADWAY LLC | 65% | exclusive authority to take action | 421-431 South Broadway, Baltimore, MD 21231 | Bk 25585, Pg 439 02/12/2023 | $20,015,656.31 | $10,030.12 | $8,100,000 | $7,290,000 | ($12,725,656.31) | $12,472,694.00 |
| CC 4000 LINKWOOD ROAD LLC | 57.20% | exclusive authority to take action | 4000-4014 Linkwood Road, Baltimore, MD 21210 | Bk 25713, Pg 83 03/22/2023 | $15,050,641.63 | $72,767.76 | $13,150,000 | $11,835,000 | ($3,215,641.63) | $11,209,749.00 |
| CC 817 SAINT PAUL STREET LLC | 65% | exclusive authority to take action | 817 Saint Paul Street, Baltimore, MD 21202 | Bk 26755, Pg 458 03/29/2024 | $22,927,350.82 | $40,807.92 | $11,100,000 | $9,990,000 | ($12,937,350.82) | $14,581,209.00 |
| CC 3522 BEECH AVE LLC | 53.75% | exclusive authority to take action | 3500-3522 Beech Ave; 618 Hubner Street, Baltimore, MD 21211 | Bk 26871, Pg 162 05/07/2024 | $19,102,241.78 | $50,250.10 | $20,000,000 | $18,000,000 | ($1,102,241.78) | $14,298,468.00 |
| CS 211 SAINT PAUL PLACE, LLC | 60.06% | exclusive authority to take action | 211 Saint Paul Place, Baltimore, MD 21202 | Bk 23332, Pg 213 07/01/2021 | $7,877,105.05 | $23,771.65 | $4,450,000 | $4,005,000 | ($3,872,105.05) | $5,980,387.00 |
| CC CHATEAUS DE MOUNT VERNON LLC | 65% | exclusive authority to take action | 1012, 1020, 1022, 1026, 1038 N Calvert Street, Baltimore, MD 21202 | Bk 23923, Pg 341 11/23/2021 | $9,301,814.17 | $47,606.95 | $6,550,000 | $5,895,000 | ($3,406,814.17) | $6,866,807.00 |
| CC PARK PLACE LLC | 65% | exclusive authority to take action | 807, 838-840 Park Avenue, Baltimore, MD 21202 | Bk 23891, Pg 207 11/16/2021 | $5,695,229.97 | $41,597.67 | $4,050,000 | $3,645,000 | ($2,050,229.97) | $4,302,926.00 |
| CC 300 CATHEDRAL STREET LLC | 57.50% | exclusive authority to take action | 300 Cathedral Street, Baltimore, MD 21201 | Bk 24838, Pg 255 07/18/2022 | $15,652,351.51 | $112,659.85 | $7,950,000 | $7,155,000 | ($8,497,351.51) | $11,897,762.00 |
| CC THE LYN LLC | 55.50% | exclusive authority to take action | 600-606 1/2, 608, 610 Cathedral St. & 617 Ploy St., Baltimore, MD 21201 | Bk 24543, Pg 416 4/28/2022 | $8,555,446.38 | $46,065.59 | $4,700,000 | $4,230,000 | ($4,325,446.38) | $7,611,755.00 |
| Totals: | | | | | $206,268,702.58 | $693,758.43 | $138,540,000.00 | $124,686,000.00 | ($81,582,702.58) | $153,175,847.00 |

[A] The operating agreements are available for inspection upon request and are not attached because they are voluminous
[B] Exclusive of substantial unpaid water bills and other municipal charges/liens.
[C] Subject to a possible upward adjustment to account for property taxes paid by StanCorp, prorated to the date of closing