**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **BRANDON M. CHASEN, SR.** | ) | **Case No. 25-15437-NVA** |
| | ) | **Chapter 7** |
| **Debtors.** | ) | |

**FIRST FEE APPLICATION FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF SHULMAN ROGERS, P.A.**
**AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE**

This Application of Shulman Rogers, P.A. (the "Applicant") is for Compensation and Reimbursement of Expenses as Special Counsel to Zvi Guttman, Chapter 7 Trustee for the Estate of Brandon M. Chasen, Sr. ("Debtor") (the "Application"), for the period of August 20, 2025 through May 21, 2026 (the "Fee Period"). In support of the Application, the Applicant states as follows:

**Background**

1.     On June 16, 2025, an Involuntary Bankruptcy Petition Against an Individual was filed against the Debtor, initiating the above-captioned case. *See* Doc. 1.

2.     On July 11, 2025, the Debtor filed a Motion to Convert Case to a Voluntary Chapter 7 Pursuant to 11 U.S.C. § 706(a) (the "Motion to Convert Case"), wherein the Debtor requested that this case be converted from an involuntary Chapter 7 case to a voluntary Chapter 7 case. *See* Doc. 23.

3.     On July 30, 2025, this Court granted the Debtor's Motion to Convert Case. *See* Doc. 29.

4.     On July 31, 2025, the Court appointed Zvi Guttman ("Trustee"), as the Chapter 7 Trustee for the Debtor.

5. On September 30, 2025, the Trustee filed an Application for an Order Under 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014, Authorizing Retention and Employment of Shulman Rogers, P.A., as Special Counsel as of August 19, 2025 (the "Application for Employment"). *See* Doc. 64.

6. On October 14, 2025, the Court granted the Trustee's Application for Employment. *See* Doc. 83.

7. Thereafter, and through the Fee Period, the Applicant began assisting the Trustee in managing and disposing of the Debtor's interests in various entities and assets. *See* Doc. 83.

## Application

8. This Application seeks allowance of compensation and reimbursement of expenses incurred by the Applicant for its efforts in representing the Trustee from August 20, 2025 through May 21, 2026.

9. The services for which compensation is sought and the expenses for which reimbursement is sought herein have not been the subject of a prior fee application. All professional services for which allowance of compensation is requested were performed by Applicant for and on behalf of the Trustee and the Debtor's Estate and not on behalf of any other person or entity.

10. Attached to the Application as Exhibit A is a detailed breakdown of services rendered in connection with services which are the subject of this Application, specifically for the time spent and expenses incurred from August 20, 2025 through May 21, 2026, reflecting time charges at the hourly rate of the respective attorneys' and professional staff of the Applicant (the "Statement"). The Statement reflects the date, description of services, and identity of the professional staff member performing such services.

11. The rates charged by the Applicant were the rates customarily charged on routine, non-complicated matters, without considering the size of the case and degree of responsibility, difficulty, complexity, and results achieved.

12. The Statement reflects time expended by professional staff of the Applicant totaling Twenty-Five Thousand Seven Hundred Thirty-Two and 00/100 Dollars ($25,732.00), and out-of-pocket expenses necessarily incurred in the amount of Two Hundred Eighty-Five and 79/100 Dollars ($285.79) for 34.1 hours of service performed by the Applicant in **Exhibit A** for the Fee Period.

13. In preparing the Statement, the Applicant reviewed the time charges to make sure that such time charges did not contain inefficiencies, excessive time spent researching legal issues, and possible duplication of effort. The Applicant does not believe the time charges, contain inefficiencies, excessive time spent in researching legal issues, or duplication of effort.

14. The Applicant has prepared this Application in accordance with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland (the "Compensation Guidelines").

15. No agreement exists between the Applicant and any other person, other than members of the Applicant's law firm, for the sharing of compensation received for services rendered in connection with this case.

**Compensation Guidelines and Analysis**

16. With respect to the Compensation Guidelines, the Applicant submits the following standards have been complied with, or are being complied with, in this Application.

A.      The Statement attached hereto represents a detailed itemization of the services rendered, time expended, and expenses incurred in the course of providing professional services to the Trustee.

B.      The Statement reflects total time charges for the Fee Period of total time charges of Twenty-Five Thousand Seven Hundred Thirty-Two and 00/100 Dollars ($25,732.00), and out-of-pocket expenses necessarily incurred in the amount of Two Hundred Eighty-Five and 79/100 Dollars ($285.79), for 34.1 hours of service performed by the Applicant as shown in Exhibit A.

C.      The Applicant believes that the services rendered were necessary and beneficial to the estate.

D.      The Applicant hereby confirms it has reviewed the time and expenses for which compensation is sought in this Application and believes such compensation to be reasonable.

17.      The Compensation Guidelines require categorizing the major tasks performed in the course of representing the Trustee. The following is a detailed summary description of services rendered, organized by task, and the summary of the time expended for such timekeeper working on such task. The attached Statement contains a list of time entries, that have been edited to reflect the corresponding task numbers provided below.

**Task 01**
**Application for Employment**

18.      The task involved preparing the application to employ the Applicant as special counsel to the Chapter 7 trustee.

19.     The time spent by the Applicant performing this task is summarized as follows:

| Timekeeper | Rate | Hour | Fee |
|---|---|---|---|
| Michael J. Lichtenstein (2025) | $800/hour | 0.60 | $480.00 |
| TOTAL: | | 0.60 | $480.00 |

**Task 02**
**Preparation of Oppositions to Default Judgment Motions**

20.     The task involved strategizing, drafting, and finalizing oppositions to motions for default judgment in Case No. C-24-CV-25-001729, in the Circuit Court for Baltimore City, Maryland, wherein the Applicant served as counsel for the Trustee.

21.     The time spent by the Applicant performing this task is summarized as follows:

| Timekeeper | Rate | Hour | Fee |
|---|---|---|---|
| Michael J. Lichtenstein (2025) | $800/hour | 16.6 | $13,280.00 |
| Rebekah F. Paradis (2025) | $470/hour | 0.30 | $141.00 |
| TOTAL: | | 16.9 | $13,421.00 |

**Task 03**
**Strategy and Advice for LLC Related Motions**

22.     The task involved advising the Trustee on a motion to assume and assign certain LLC interests, and a motion to sell certain LLC property, including reviewing and revising such motions and proposed orders, and considering potential objections thereto.

23.     The time spent by the Applicant performing this task is summarized as follows:

| Timekeeper | Rate | Hour | Fee |
|---|---|---|---|
| Michael J. Lichtenstein (2025) | $800/hour | 10.40 | $8,320.00 |
| TOTAL: | | 10.40 | $8,320.00 |

**Task 04**
**Strategy and Advice Related to Claims**

24.     The task involved advising the Trustee on review of certain claims against the estate and related releases.

25.     The time spent by the Applicant performing this task is summarized as follows:

| Timekeeper | Rate | Hour | Fee |
|---|---|---|---|
| Michael J. Lichtenstein (2025) | $800/hour | 1.60 | $1,280.00 |
| TOTAL: | | 1.60 | $1,280.00 |

**Task 05**
**Application for Compensation as Special Counsel**

26.     The task involved drafting this Application and preparation of Exhibit A. This Application has been prepared in accordance with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland. This Application sets forth a detailed statement  of (1) the services rendered, (2) the time expended, (3) the expenses incurred, (4) the amounts requested, (5) the rates charged for such services, (6) how the services were rendered necessary to the administration of, or beneficial at the time which the services were rendered toward the completion of the case, (7) information relevant to the determination that the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed, and (8) an affirmation that the compensation requested is reasonable based upon the customary compensation and reimbursement of expenses charged by the Applicant and comparably skilled professionals in non-bankruptcy matters.

27.     The time spent by the Applicant performing this task is summarized as follows:

| Timekeeper | Rate | Hour | Fee |
|---|---|---|---|
| Rebekah F. Paradis (2026) | $485/hour | 4.60 | $2,231.00 |
| TOTAL: | | | $2,231.00 |

## SUMMARY OF FEES

| Task | Hour | Fee |
|---|---|---|
| Task 01 – Application for Employment | 0.6 | $480.00 |
| Task 02 – Preparation of Oppositions | 16.9 | $13,421.00 |
| Task 03 – Strategy and Advice for LLC Related Motions | 10.40 | $8,320.00 |
| Task 04 – Strategy and Advice Related to Claims | 1.60 | $1,280.00 |
| Task 05 – Application of Compensation | 4.60 | $2,231.00 |

**Lodestar Analysis**

28.    Under the lodestar analysis of twelve (12) factors enumerated in in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), and *Harman v. Levin*, 772 F.2d 1150 (4th Cir. 1985), the Applicant submits the following analysis:

A.    **Time and Labor Expended**.    The detailed statement of services of the Applicant is attached as Exhibit A. The Applicant has reviewed the Statement for duplicative or unnecessary entries and if necessary, removed or adjusted such entries.

B.    **Skill Required to Properly Perform Legal Services Rendered**.    In order to adequately represent the Trustee during the course of these proceedings, an expertise in the area of bankruptcy law, and general litigation was required. The Applicant believes that the skill was required in order to properly perform the legal services required by the Trustee and that they possess such skills.

C.    **Novelty and Difficulty and Questions Raised**. The Applicant does not believe that this was a significant factor in this case.

D.    **Counsel's Opportunity Cost in Prosecuting the Instant Litigation**. The Applicant does not believe that this was a significant factor in this case.

E.    **Customary Fees for Like Work.**    The rates charged by the Applicant are regular charges for routine work, performed in routine matters for normal clients. The Applicant's rates are, on information and belief, consistent with rates charged by other experienced bankruptcy counsel in similar matters.

F.  **Counsel's Expectation at the Outset of Litigation.**   The Applicant's expectation of compensation at the outset of this matter was that it would be compensated in accordance with its hourly rates by the Debtors' estates for services provided for the benefit of the Estates.

G.  **Time Limitations.**   The Applicant does not believe that this was a significant factor in this case.

H.  **Amount in Controversy and Result Obtained.**  The Applicant believes that its services assisted the Trustee, and that the Debtor's estate is being administered successful and efficiently, in part, due to the assistance of the Applicant.

**WHEREFORE**, The Applicant, Shulman Rogers, P.A., prays that it be awarded compensation for the Fee Period in the amount of Twenty-Five Thousand Seven Hundred Thirty-Two and 00/100 Dollars ($25,732.00), and the sum of Two Hundred Eighty-Five and 79/100 Dollars ($285.79) as reimbursement of out-of-pocket expenses incurred in the course of representing the Trustee, for the total allowance of Twenty-Six Thousand Seventeen and 79/100 Dollars ($26,017.79), that the Court authorize the payment of Twenty-Six Thousand Seventeen and 79/100 Dollars ($26,017.79) to the Applicant from the Trustee, and that the Applicant have such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By:  /s/ Benjamin P. Smith
Benjamin P. Smith (Bar No. 17680)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:  (301) 230-5241
FAX:  (301) 230-2891
Email: bsmith@shulmanrogers.com
*Special Counsel to Trustee*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on the 22nd day of May, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of this **Fee Application for Allowance of Compensation for Professional Services, Notice,** and proposed **Order** were served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| **Hugh M. (UST) Bernstein** | hugh.m.bernstein@usdoj.gov |
| **Joshua D. Bradley** | jbradley@rosenbergmartin.com |
| **Aaron L. Casagrande** | aaron.casagrande@icemiller.com |
| **Darrell William Clark** | darrell.clark@stinson.com |
| **Scott W. Foley** | swf@shapirosher.com |
| **Jason J. Giguere** | jgiguere@zwickerpc.com |
| **Jeffrey Greenberg** | jgreenberg@rosenbergmartin.com |
| **Zvi Guttman** | zvi@zviguttman.com |
| **Andrew Janquitto** | aj@mhblaw.com |
| **Tracey Michelle Ohm** | tracey.ohm@stinson.com |
| **Roger Schlossberg** | trustee@schlosslaw.com |
| **Douglas H Seitz** | dseitz@wcslaw.com |
| **Robert G. Shuster** | rob@shusterlaw.com |
| **Andre' R Weitzman** | aequityhouse@aol.com |
| **Heather Kirkwood Yeung** | hyeung@darslaw.com |
| **Alan D. Eisler** | aeisler@e-hlegal.com |
| **Adam M. Freiman** | adam@pikesvillelaw.com |

I **FURTHER HEREBY CERTIFY** that copies of the foregoing **Fee Application for Allowance of Compensation for Professional Services** and proposed **Order** were mailed, postage prepaid this 22nd day of May, 2026, to:

Brandon M. Chasen
Shepherd Electric Company, Incorporated
c/o Douglas H. Seitz, Esq
1 Olympic Place, Suite 800
Towson, MD 21204

Larry Strauss, Esq.
CPA & Associates, Inc.
2310 Smith Avenue
Baltimore, MD 21209


/s/ Benjamin P. Smith
Benjamin P. Smith