**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| **In re:** | |
| **BRANDON MICHAEL CHASEN, SR.** | **Case No. 25-15437** |
| **Debtor** | **Chapter 7** |

**OPPOSITION TO PR GIV'S MOTION FOR RULE 2004 EXAMINATION OF**
**DELANCEY STREET CAPITAL, LLC**

Respondent, Delancey Street Capital, LLC ("Delancey"), by and through undersigned counsel, submits Opposition to PR GIV's Motion for Rule 2004 Examination, and says:

**I.    Overview.**

It is not clear why PR GIV has targeted Delancey for discovery requests.  PR GIV alleges that "Delancey has conducted real estate closings for the Debtor and related entities, including Chasen Construction, LLC…" as the basis for Delancey having discoverable information.  Delancy is not a settlement company.  Delancey has not conducted any closings for the Debtor or anyone else.  Delancey has not been party to any contracts with the Debtor or any related entities.  While discovery rights are broad under Rule 2004, the requests must be relevant and reasonable.  PR GIV's motion is neither and should be denied.

**II.    Facts.**

1. Delancey is not a settlement company. Exhibit 1.

2. Delancey has never conducted a closing for the transfer of real estate. Exhibit 1.

3. Delancey has never owned or sold any real estate. Exhibit 1.

4. Delancey has never entered into any contracts with the Debtor. Exhibit 1.

5. Delancey has never entered into any contracts with Chasen Construction LLC. Exhibit 1.

6. Delancey is not aware of having ever entered into any contracts with any entities related to the Debtor. Exhibit 1.

7. Delancey does not know what "closings and disbursements" that PR GIV is referring to in Paragraph 8 of its motion. Exhibit 1.

8. Delancey does not know what "funds" PR GIV is referring to in Paragraph 8 of its motion. Exhibit 1.

**III.    Argument.**

The factual and legal premises of PR GIV's motion are incorrect. Factually, PR GIV predicates its motion on the notion that Delancey conducted unidentified real estate closings involving the Debtor or some unidentified other entity. Delancey has never conducted a real estate closing for anyone. Delancey has not even owned or sold property. Also, without identifying the transactions and entities that PR GIV is referencing, it is impossible for Delancey, the Court or anyone else to determine whether PR GIV's motion meets the requirements of Rule 2004. It is impossible to tell from PR GIV's filing whether any information referenced therein would relate to "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bk. P. Rule 2005(b)(1). While the bar for a Rule 2004 Exam is low, there is still a bar. PR GIV must provide some factual basis for its proposition that Delancey possesses discoverable information, other than the false statement that Delancey conducted real estate closings.

In trying to support the motion legally, PR GIV notes that Rule 2004 permits what would normally be characterized as a "fishing expedition". Whether the reference was a Freudian slip or

intentional, it belies the fact that PR GIV has stated no real factual basis for propounding discovery on Delancey, which is legally fatal.

> Despite its characterization as being tantamount to a "fishing examination," In re Foerst, 93 F. 190, 191 (S.D.N.Y.1899), *a Rule 2004 examination must be both relevant and reasonable*. Snyder v. Society Bank, 181 B.R. 40 (S.D.Tex.1994), *aff'd* 52 F.3d 1067 (5th Cir.1995); In re Table Talk, Inc., 51 B.R. 143 (Bankr.D.Mass.1985); In re Mittco, Inc., 44 B.R. 35 (Bankr.E.D.Wis.1984); Keene Corp. v. Johns–Manville Corp. (In re Johns–Manville Corp.), 42 B.R. 362 (S.D.N.Y.1984). "Rule 2004 examinations may not be used to annoy, embarrass or oppress the party being examined." In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr.E.D.N.Y.1991) (citing In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 712 (Bankr.S.D.N.Y.1991)). Thus the scope of a Rule 2004 examination is at least as broad as discovery under the Federal Rules of Civil Procedure and subject to the same limitations.

> In re Symington, 209 B.R. 678, 684-85 (Bk. Md. 1997).

Delancey has no information regarding the subject matters referenced in PR GIV's motion. Conducting any examination of Delancey would serve no purpose other than to oppress and annoy Delancey.

Delancey suspects that annoyance and oppression are the goals of PR GIV in this matter. Prior to filing the motion, PR GIV's principal, Tony Bobulinski, threatened Delancey's principal, Daniel Kline. Bobulinski contacted Kline in February 2025 via email and phone saying he wanted to get together with Kline to discuss what he called a transaction they had been "heavily involved" in. Kline did not know what Bobulinski was talking about and had never heard of Bobulinski.Kline was very busy during February and March 2025, so Kline did not call Bobulinski back until April 2025. At that point, Kline had seen Bobulinski's name in a variety of news articles and Kline's curiosity got the better of him. During that one return phone call Bobulinski yelled aggressively and threatened Kline, leading Kline to end the call. It is not clear what Bobulinski intended to accomplish with his threats, but the fact that the motion is supported solely by the false notion that Delancey conducted real estate transactions belies that PR GIV's intent remains malevolent. PR

GIV presumably knows that Delancey did not conduct any such transactions, because PR GIV has already been granted a 2004 Examination with respect to Debtor's title company, New World Title Company. *See* Dkt. No. 187.  To the extent that the Court nonetheless grants PR GIV's motion, Delancey reserves the right to raise any and all appropriate objections (including motions to quash) with respect to subpoenas issued pursuant to the Court's order.

**IV.    Conclusion.**

While discovery rights under Rule 2004 are broad, they are not without guardrails.  A party seeking such discovery must make requests that are reasonable and relevant.  The movant must have some legitimate basis for the information requested being relevant.  PR GIV's motion is baseless and should be denied.

Respectfully submitted,

McNamee Hosea, P.A.

/s/ Aaron D. Neal

Aaron D. Neal - Bar No. 28566
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Tel.    301-441-2420
Fax    301-982-9450
aneal@mhlawyers.com

*Attorneys for Delancey*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026 the foregoing paper was efiled and served on all counsel of record.

_/s/  Aaron D. Neal_
Aaron D. Neal