**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| |
|---|
| **In re:** |
| **BRANDON MICHAEL CHASEN, SR.** |
| **Debtor** |

**Case No. 25-15437
Chapter 7**

**OPPOSITION TO PR GIV'S MOTION FOR RULE 2004 EXAMINATION OF
VERNER REALTY ENTERPRISES LLC T/A HARBOR STONE ADVISORS**

Respondent, Verner Realty Enterprises, LLC t/a Harbor Stone Advisors ("Verner"), by and through undersigned counsel, submits its Opposition to PR GIV's Motion for Rule 2004 Examination, and says:

I.    **Overview.**

PR GIV alleges that Verner "was involved in real estate closings for the Debtor and related entities, including Chasen Construction, LLC…" as the basis for Verner having discoverable information.  Verner has not been involved in any real estate closings for or on behalf of the Debtor, any related entities, or Chasen Construction LLC.  The only closings *relating* to Debtor that Verner has had any involvement with were closings where Debtor (or some entity related to Debtor) was a buyer and Verner was ***the seller's broker***.  If PR GIV wants to get information from persons involved in real estate closings ***for the Debtor*** PR GIV should seek to examine Debtor's broker(s) and settlement agent(s), not Verner.  While discovery rights are broad under Rule 2004, the requests must be relevant and reasonable.  PR GIV's motion does not identify any property, transaction, closing date, related entity or estate-related transfer or activity that would justify a Rule 2004 Exam of Verner and the motion should therefore be denied.

## II.   Facts.

1.  Verner has never been involved in real estate closings for or on behalf of the Debtor, any related entities, or Chasen Construction LLC. Exhibit 1.

## III.   Argument.

The factual and legal premises of PR GIV's motion are incorrect.  Factually, PR GIV predicates its motion on the notion that Verner had unidentified involvement with unidentified real estate closings for on behalf of the Debtor or some unidentified other entity.  Verner has never been involved in a real estate closing for or on behalf of Debtor.  Also, without identifying the transactions and entities that PR GIV is referencing, it is impossible for Verner, the Court or anyone else to determine whether PR GIV's motion meets the requirements of Rule 2004.  It is impossible to tell from PR GIV's filing whether any information referenced therein would relate to "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bk. P. Rule 2004(b)(1).  While the bar for a Rule 2004 Exam is low, there is still a bar.  PR GIV must provide some factual basis for its proposition that Verner possesses discoverable information, other than the false statement that Verner was involved in real estate closings for the Debtor.

In trying to support the motion legally, PR GIV notes that Rule 2004 permits what would normally be characterized as a "fishing expedition".  The reference belies the fact that PR GIV has stated no real factual basis for propounding discovery on Verner, which is legally fatal.

> Despite its characterization as being tantamount to a "fishing examination," <u>In re Foerst</u>, 93 F. 190, 191 (S.D.N.Y.1899), ***a Rule 2004 examination must be both relevant and reasonable***. <u>Snyder v. Society Bank</u>, 181 B.R. 40 (S.D.Tex.1994), *aff'd* 52 F.3d 1067 (5th Cir.1995); <u>In re Table Talk, Inc.</u>, 51 B.R. 143 (Bankr.D.Mass.1985); <u>In re Mittco, Inc.</u>, 44 B.R. 35 (Bankr.E.D.Wis.1984); <u>Keene Corp. v. Johns–Manville Corp.</u> (<u>In re Johns–Manville Corp.</u>), 42 B.R. 362 (S.D.N.Y.1984). "Rule 2004 examinations may not be used

to annoy, embarrass or oppress the party being examined." In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr.E.D.N.Y.1991) (citing In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 712 (Bankr.S.D.N.Y.1991)). Thus the scope of a Rule 2004 examination is at least as broad as discovery under the Federal Rules of Civil Procedure and subject to the same limitations.

In re Symington, 209 B.R. 678, 684-85 (Bk. Md. 1997).

Verner cannot tell whether it has information regarding any other closings for which PR GIV seeks information (i.e. closings where Verner was the seller's broker and Debtor was involved as a buyer), because the subject closings are not identified. PR GIV does not identify any transactions or describe how Verner was involved. PR GIV does not identify any "related entities". PR GIV cannot use Rule 2004 as a general discovery tool to search for claims against non-debtor entities, for separate proceedings involving a different debtor, or for properties in which PR GIV claims some independent interest, through unrestricted examination of a non-party to this individual debtor Chapter 7 case. Rule 2004 is aimed at the activities and assets of *the Debtor* not at allowing fishing expeditions into unrelated matters. If PR GIV is aware of transactions and related entities that would fall under Rule 2004's auspices, they should be identified before relief is granted.

As the motion is framed, conducting an examination of Verner regarding the subject matter of the motion, closings in which Verner acted for or on behalf of Debtor, would serve no purpose other than to oppress and annoy Verner, because Verner was not involved in any such closings. Subpoenas issued pursuant to Rule 2004 also implicate the third-party discovery restrictions imposed by Fed. R. Civ. P. 45 (made applicable by Fed. R. Bankr. P. 9016). Verner is a non-party that should not be subjected to scattershot information requests that would impose an undue burden on Verner of guessing which transactions PR GIV is looking for and then trying to respond. This motion would be more appropriately directed at someone with an actual connection to Debtor, like Debtor's own broker(s) and settlement agent(s).

To the extent that the Court nonetheless grants PR GIV's motion, Verner reserves the right to raise any and all appropriate objections (including motions to quash) with respect to subpoenas issued pursuant to the Court's order.  Verner further requests that in the event that the Court is inclined to grant any relief on the motion, that the Court condition PR GIV's issuance of subpoenas upon its contemporaneous identification of specific transactions, properties, closing dates, parties and the alleged nexus thereof with the bankruptcy estate as part of the issuance of any subpoena(s), to define the scope of said subpoenas in a manner consistent with Rules 2004 and 9016. Additionally, any requests should be reasonably limited to avoid demanding the production of privileged or otherwise confidential seller details.  Verner's involvement in any transaction is as the seller's broker.  As such, most of the information Verner might be possess would be the information of the seller, i.e. not Verner or the Debtor.  Appropriate safeguards to protect the information of non-parties should be incorporated into any order granting limited Rule 2004 relief.

## IV.    Conclusion.

While discovery rights under Rule 2004 are broad, they are not without guardrails.  A party seeking such discovery must make requests that are reasonable and relevant.  The movant must have some legitimate basis for the information requested being relevant.  PR GIV's motion is baseless and should be denied.

Respectfully submitted,

McNamee Hosea, P.A.


/s/ Aaron D. Neal

Aaron D. Neal - Bar No. 28566
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Tel.    301-441-2420
Fax     301-982-9450
aneal@mhlawyers.com

*Attorneys for Verner*


## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026 the foregoing paper was efiled and served on all counsel of record.


/s/ Aaron D. Neal

Aaron D. Neal