**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 7 |
| BRANDON MICHAEL CHASEN, SR. | ) | |
| | ) | Case No. 25-15437 |
| Debtor. | ) | |
| | ) | |

**CREDITOR'S MOTION TO EXTEND DEADLINES TO FILE COMPLAINT OBJECTING TO DISCHARGE AND COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (FED. R. BANKR. P. 4004(b) & 4007(c))**

COMES NOW Atlantic Union Bank (the "Bank"), Creditor, by counsel, and respectfully moves pursuant to Federal Rules of Bankruptcy Procedure 4004(b) and 4007(c) for entry of an order extending, for ninety (90) days, the deadlines to file (i) a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 and (ii) a complaint to determine the dischargeability of the Bank's debt under 11 U.S.C. § 523. This motion is filed before the applicable deadlines. In support, the Bank states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157.

**Background**

2. On June 16, 2025, creditors, including the Bank, filed an involuntary petition for relief ("Bankruptcy Petition") under Chapter 7 of title 11 of the Bankruptcy Code against Brandon Michael Chasen, Sr. ("Debtor") commencing the above-captioned bankruptcy case

Jeffery T. Martin, Jr., Bar No. 18328
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
McLean, VA 22182
703-834-5550 Office
jeff@martinlawgroup.com
Counsel for Atlantic Union Bank

(“Bankruptcy Case”) in the United States Bankruptcy Court for the District of Maryland (“Bankruptcy Court”).

3. The Court has previously entered orders extending the time to object to the Debtor’s discharge or to the dischargability of debt to October 31, 2026.

4. On October 15, 2026, the Court entered a Consent order extending the time to object to the Debtor’s discharge for only the Trustee and United States Trustee’s office, to December 31, 2026.

5. The deadline for all other creditors to objectto discharge or the dischargability of debt, including the Bank, is set to expire on October 31, 2026.

6. This is the Bank’s first request for an extension of the deadline to object to discharge or to dischargability of debt.

**Relief Requested**

7. Due to the complexity of the Debtor’s case and the extensive nature of the alleged fraud, the Bank needs additional time to determine the full extent of the Debtor’s alleged fraud and gather all necessary evidence, and due to the information so far obtained, needs additional time to file its dischargability Complaint.

8. Rule 4004(b)(1) provides that, “[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge,” provided the motion is filed before the expiration of the deadline. Fed. R. Bankr. P. 4004(b)(1). Rule 4007(c) similarly provides that, “[o]n motion of a party in interest, after notice and hearing, the court may for cause extend the time” to file a complaint to determine dischargeability under 11 U.S.C. § 523(c), provided the motion is filed before the expiration of the deadline. Fed. R. Bankr. P. 4007(c).

9. Bankruptcy Rule 9006(b)(3) limits enlargement of the deadlines in Rules 4004(a) and 4007(c) to the extent and under the conditions stated in those rules. The Supreme Court has held that the deadlines in Rules 4004 and 4007 are claim-processing rules, not jurisdictional, and therefore must be enforced when timely invoked but may be waived if not raised. *Kontrick v. Ryan*, 540 U.S. 443, 454–56 (2004).

10. The Fourth Circuit likewise recognizes that Rules 4004 and 4007 are not jurisdictional and that bankruptcy courts retain discretion—within the limits of the rules—to grant relief in appropriate circumstances. *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 248 (4th Cir. 1994).

11. The purpose of Rules 4004 and 4007 is to promote prompt resolution of discharge and dischargeability issues while ensuring that creditors have a fair opportunity to investigate and plead claims. Where a creditor acts diligently but cannot complete its investigation due to incomplete production or delayed examinations, courts routinely find good cause to extend the filing deadline.

12. The Bank has acted diligently in attempting to gather all necessary evidence efficiently and timely, but due to the extensive nature of the Debtor's fraud with the Bank, has not yet been able to do so.

13. The Court has already extended the deadline for objecting for the Trustee and the United States Trustee's Office to December 31, 2026. Granting the same extension to the Bank, and other creditors would not prejudice the Debtor.

## **<u>Conclusion</u>**

**WHEREFORE**, For the foregoing reasons Creditor Atlantic Union Bank respectfully requests entry of an order: (i) extending the deadlines under Rules 4004(a) and 4007(c) by sixty one

(61) days—from October 31, 2026 to December 31, 2026—and granting such other and further relief as the Court deems just and proper.

Dated: October 30, 2026

**Atlantic Union Bank**
**By counsel**

/s/ Jeffery T. Martin, Jr.

Jeffery T. Martin, Jr., Bar No. 18328
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
703-834-5550
jeff@martinlawgroup.com
Counsel to Atlantic Union Bank

## CERTIFICATION OF SERVICE

I certify that on this 30th day of October 2026, a true and correct copy of the foregoing was filed electronically with the Court through the ECF filing system with notice being automatically provided to all parties requesting notice.

*/s/ Jeffery T. Martin, Jr.*
Jeffery T. Martin, Jr.